**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0686n.06

**No. 08-2387**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Sep 26, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ALFONSO MILLS, | ) | |
| | ) | |
| Petitioner - Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| MILLICENT WARREN, | ) | AMENDED OPINION |
| | ) | |
| Respondent - Appellee. | ) | |

**Before: SUTTON and STRANCH, Circuit Judges; WELLS, District Judge.**[*]

**JANE B. STRANCH, Circuit Judge.** Alfonso Mills, a Michigan prisoner convicted of sexually abusing his girlfriend's minor twin daughters, appeals from the denial of his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. Because Mills is not entitled to prevail on any of his claims, we affirm the district court's denial of habeas relief.

**I. PROCEDURAL HISTORY**

Beginning in November 1998, Mills lived with his girlfriend, her four-year old twin daughters, and his 15-year old biological daughter in Oak Park, Michigan. In May 1999, Mills's daughter revealed that Mills was sexually abusing her. The State charged Mills with sexual abuse offenses. A jury acquitted him in May 2000.

---

[*]The Honorable Lesley Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

In the meantime, in September 1999, Mills's girlfriend and the twins moved to Wayne County, Michigan. Mills moved in with them again after he was acquitted, and he assumed daily care of the twins while their mother worked.

In mid-June 2002, the twins revealed that Mills had been sexually abusing them since the age of four, both when they lived in Oak Park and when they lived in Wayne County. In 2002, a Wayne County prosecutor charged Mills with sexual abuse of the twins in that jurisdiction. Mills entered a guilty plea to the charges and was sentenced. Thereafter, an Oak Park prosecutor charged Mills with six counts of first-degree criminal sexual conduct, pursuant to Mich. Comp. Laws Ann. § 750.520b(1)(a) (West 1984), alleging that he sexually abused the twins between November 1998 and May 1999. A jury convicted Mills on all six counts. The trial court sentenced Mills to a prison term of 30 to 60 years on all counts, to run concurrently. The court also provided that the sentence would run concurrently to Mills's previous sentence on the Wayne County convictions. This federal habeas petition concerns Mills's conviction and sentence on the Oak Park charges.

## II. STANDARD OF REVIEW

We review *de novo* the legal basis for the district court's denial of the habeas petition. *See Davis v. Coyle*, 475 F.3d 761, 766 (6th Cir. 2007). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), we may not grant federal habeas relief with respect to any claim decided on the merits in state court unless the adjudication of the claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." A state court's determination is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An unreasonable application of Supreme Court precedent occurs if the state court identifies the correct governing legal principle but unreasonably applies the principle to the facts of the case. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

### III. ANALYSIS

In this appeal we consider the same four grounds for habeas relief that Mills presented to the district court. He contends that the admission of other bad acts evidence at his jury trial violated his double jeopardy and due process rights; that the trial evidence was insufficient to support his conviction of six counts of first-degree criminal sexual conduct; and, that the assistance provided by trial and appellate counsel was ineffective. We consider each claim in turn.

### A. Admission of Rule 404(b) Evidence

Mills first argues that his double jeopardy and due process rights were violated when the state trial court allowed the prosecution to present other bad acts evidence to the jury, pursuant to Michigan Rule of Evidence (M.R.E.) 404(b). This evidence consisted of testimony about Mills's sexual abuse of the twins while he was living with them in Wayne County–conduct of which he was convicted by guilty plea–and testimony about his sexual abuse of his own daughter–conduct of which he was acquitted at jury trial. In presenting the Rule 404(b) issue on direct criminal appeal, Mills argued that the trial court abused its discretion when it admitted the evidence at trial.

The Michigan Court of Appeals held that the trial court properly exercised its discretion when it found: (1) The Rule 404(b) evidence was logically relevant to the case at bar; (2) The evidence was offered for a proper purpose to establish Mills's common scheme or plan to exploit the father-daughter relationship so that he could sexually abuse the children on multiple occasions; (3) The probative value of the evidence substantially outweighed any unfair prejudice because the victims' credibility was under attack, the evidence served to rebut Mills's claims of fabrication, and the evidence also explained the victims' delay in reporting the sexual assaults; and, (4) The trial court gave a limiting instruction, cautioning the jury to use the evidence only for its proper purpose. *People v. Mills*, No. 247948, 2004 WL 1416268, at *2-3 (Mich. Ct. App. June 24, 2004) (unpublished per curiam) (relying on *People v. Sabin*, 614 N.W.2d 888 (2000) (upholding admission of Rule 404(b) evidence in a sexual assault case)). In a footnote, the appellate court noted that "[t]he fact [the] defendant was acquitted of sexually abusing his daughter does not destroy the relevance of the evidence. A bad act need not be proven beyond a reasonable doubt to be admitted under MRE 404(b)." *Id.* at *3 n.2 (citing *People v. Cooper*, 559 N.W.2d 90 (1996)). The Michigan Supreme Court declined to conduct further direct review, *People v. Mills*, 692 N.W.2d 843 (Mich. 2005) (Table), and Mills did not file a petition for writ of certiorari to the United States Supreme Court.

In his motion for relief from judgment under Michigan Court Rule (M.C.R.) 6.502, Mills alleged both that the trial court abused its discretion in admitting the Rule 404(b) evidence at trial and that admission of testimony about his acquitted conduct violated his double jeopardy and due process rights. Because the Michigan Court of Appeals had previously decided that the trial court did not abuse its discretion in admitting the Rule 404(b) evidence, the trial court declined to revisit

that issue, citing M.C.R. 6.508(D)(2).  As to Mills's new assertion that admission of Rule 404(b) evidence violated his double jeopardy and due process rights, the trial court ruled that Mills could have raised that claim on direct appeal, but he did not do so.  Therefore, the new claim was procedurally defaulted unless Mills could show cause and prejudice to excuse the procedural default pursuant to M.C.R. 6.508(D)(3)(a) & (b).  The trial court determined that Mills did not make a showing of cause and prejudice and, in any event, he failed to provide legal authority to support his argument that his prior acquittal on charges of sexually abusing his own daughter precluded testimony about that abuse in his subsequent trial for the sexual abuse of the twins.

In denying federal habeas relief, the district court addressed only whether the trial court abused its discretion in admitting the Rule 404(b) evidence.  We agree with the district court that whether a state trial court abused its discretion in admitting Rule 404(b) evidence is a matter of state evidentiary law that does not present a constitutional question cognizable in federal habeas unless the petitioner can show that he was denied due process by a fundamentally unfair trial.  *See Bey v. Bagley*, 500 F.3d 514, 520-21 (6th Cir. 2007); *Clark v. O'Dea*, 257 F.3d 498, 503 (6th Cir. 2001).  The district court properly held that Mills failed to make the requisite showing that his trial was fundamentally unfair.

We examine in greater detail, however, Mills's assertion that the admission of the Rule 404(b) evidence violated his double jeopardy and due process rights.[1]  In *Dowling*, the Supreme

---

[1]Mills procedurally defaulted this aspect of his claim by failing to raise it on direct appeal. Appellee Warren does not ask us, however, to reject the claim on the ground of procedural default. Rather, Appellee urges us to follow *Dowling v. United States*, 493 U.S. 342 (1990), to reject the claim on the merits.

Court held that introduction in a second criminal trial of Rule 404(b) evidence relating to a crime that the defendant had previously been acquitted of committing did not violate the defendant's double jeopardy right. *Dowling*, 493 U.S. at 347-50. Recognizing that the Double Jeopardy Clause incorporates the doctrine of collateral estoppel, *Ashe v. Swenson*, 397 U.S. 436 (1970), the Supreme Court declined to extend *Ashe* "to exclude in all circumstances . . . relevant and probative evidence that is otherwise admissible under the Rules of Evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted." *Dowling*, 493 U.S. at 348. The Supreme Court explained that its decision in *Dowling* is consistent with other cases in which the Court "held that an acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof." *Id.* at 349. A prior bad act is admissible under Rule 404(b) "upon a showing by a preponderance of the evidence that the defendant committed the act." *See United States v. Vance*, 871 F.2d 572, 573 n.1 (6th Cir. 1989) (citing *Huddleston v. United States*, 485 U.S. 681, 687-89 (1988)).

Like Mills, Dowling also argued that the admission of Rule 404(b) evidence violated his due process right to a fundamentally fair trial. *Dowling*, 493 U.S. at 352-53. The Supreme Court rejected the claim, holding that the admission of Rule 404(b) evidence did not abridge Dowling's due process right, especially where the trial court gave the jury a limiting instruction. *Id.* at 353. The jury remained free to assess the truthfulness and reliability of the evidence, and the risk that Dowling would be convicted on the basis of inferences drawn from acquitted conduct was alleviated by the trial court's authority to exclude potentially prejudicial evidence. *Id.* at 353-54.

*Dowling* thus forecloses on the merits Mills's claim that admission of his daughter's testimony violated his double jeopardy and due process rights. As the district court held, Mills has not shown that the state courts' rulings on the Rule 404(b) claims were contrary to, or an unreasonable application of, clearly established federal law. *Williams*, 529 U.S. at 405-06; *Wiggins*, 539 U.S. at 520.

## B. Sufficiency of the Evidence

Mills next argues that the evidence was insufficient to support his conviction beyond a reasonable doubt on six counts of first-degree criminal sexual conduct. He alleges the minor child victims were not credible witnesses, they gave inconsistent testimony, one of the victims was found incompetent to continue testifying during trial, there were no witnesses to the alleged sexual assaults, and there was no physical evidence to support the allegations. The district court, like the Michigan Court of Appeals, *see Mills*, 2004 WL 1416268 at *4, correctly applied the standard from *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), to hold, viewing the evidence in the light most favorable to the prosecution, that any rational trier of fact could have found all of the essential elements of the crime beyond a reasonable doubt.

Under Michigan law, the elements of first-degree criminal sexual conduct are that the defendant engaged in sexual penetration with another person and the other person was under thirteen years of age. *Mills*, 2004 WL 1416268 at *4 (citing Mich. Comp. Laws § 750.20b(1)(a)). "The testimony of a victim is sufficient evidence from which a trier of fact can infer that a sexual penetration occurred." *Id.* at *5. Circumstantial evidence and reasonable inferences arising from evidence can also constitute sufficient proof of the elements of a crime. *Id.* at *4; *Saxton v. Sheets*,

547 F.3d 597, 606-07 (6th Cir. 2008). All questions of credibility are resolved by the jury. *Mills*, 2004 WL 1416268 at *5.

After examining the totality of the trial evidence in the light most favorable to the prosecution, the Michigan Court of Appeals concluded that the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that Mills engaged in multiple acts of oral, anal, and vaginal sexual penetration with both child victims to support his conviction on all six counts of first-degree criminal sexual conduct. *Id.* Reviewing the state court decision, the district court appropriately determined that Mills failed to show that the state court's decision was contrary to, or an unreasonable application of, *Jackson v. Virginia*. Although one of the child victims was found to be incompetent to testify during trial, Mills agreed that the prosecution could supplement the trial testimony by reading to the jury the child's prior preliminary hearing testimony, as well as her testimony given in a prior case against Mills. Admission of the child's prior testimony was part of Mills's strategic plan to highlight inconsistencies in the child's testimony. The jury made the necessary credibility determinations and resolved any inconsistencies in the testimony when it convicted Mills.

Because the state court properly found that the evidence was sufficient to convict, we will not grant Mills federal habeas relief on this claim. The state courts' adjudication of the claim did not result in a decision at variance with Supreme Court law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1) & (2).

**C. Ineffective Assistance of Counsel**

Mills next claims that his trial counsel rendered ineffective assistance in two respects. First, he contends that counsel failed to inform him that, if he rejected a plea offer that was made by the prosecutor during trial, he would face a significantly higher sentence if the jury convicted him. The prosecutor offered Mills a below-guidelines sentence of 10 to 30 years, which Mills rejected against his counsel's advice. Following conviction by the jury, the trial court sentenced Mills to 30 to 60 years as an habitual offender, third offense. Mills now argues that the sentence imposed increased by 20 years the length of time he must serve in prison before he is eligible for release. Second, Mills argues that trial counsel failed to investigate the facts underlying the prior acquitted conduct, with the result that counsel was unprepared to argue against admission of that evidence under Rule 404(b).

Mills acknowledges that his ineffective assistance of trial counsel claims are procedurally defaulted because he raised them for the first time in his motion for relief from judgment under M.C.R. 6.502. He contends, however, that the procedural default can be excused due to the ineffective assistance of appellate counsel, who failed to raise the issues on direct appeal.

In addressing these claims, the district court noted that the Michigan Court of Appeals and the Michigan Supreme Court declined review based on Mills's failure to comply with M.C.R. 6.508(D). The district court thus concluded that the state appellate court decisions constructed an independent and adequate state procedural bar to federal habeas review of Mills's ineffective assistance claims. (*Id.*)

After the district court issued its decision and after the parties filed their appellate briefs, we held in *Guilmette v. Howes*, 624 F.3d 286, 289-90 (6th Cir. 2010) (en banc), that brief orders of the Michigan Court of Appeals and the Michigan Supreme Court relying summarily on M.C.R. 6.508(D) are not explained orders which invoke a procedural bar. This is because such orders often are ambiguous and can refer to the petitioner's failure to establish entitlement to relief either procedurally or on the merits. *Id.* at 290. *Guilmette* explains that we disregard such unexplained orders of the Michigan appellate courts and instead we look to the last reasoned state court opinion to determine the basis for the state court's rejection" of the petitioner's claim. *Id.* at 291-92 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (applying presumption that where one reasoned state judgment rejecting a federal claim exists, later unexplained orders upholding that judgment or rejecting the same claim rest on the same ground)).

The last reasoned state court opinion to address Mills's ineffective assistance of trial counsel claims is the trial court opinion denying Mills's motion for relief from judgment. In that opinion, the trial court cited Michigan state cases such as *People v. Solmonson*, 683 N.W.2d 761 (Mich. Ct. App. 2004), and *People v. Matuszak*, 687 N.W.2d 342 (Mich. Ct. App. 2004), as support for several familiar principles: The effective assistance of counsel is presumed and defendant bears the burden of proving otherwise; Defendant must show counsel's performance was deficient measured against an objective standard of reasonableness under the circumstances and prevailing professional norms; Defendant must show the deficiency was so prejudicial that he was deprived of a fair trial such that there is a reasonable probability, but for counsel's unprofessional error, the trial outcome would have been different; and, counsel's competence cannot be assessed with the benefit of hindsight.

*Solmonson* relied expressly on the Supreme Court's recitation of the two-part test for ineffective assistance claims stated in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *Solmonson*, 683 N.W.2d at 765-66. Thus, the trial court identified the applicable state and federal law on ineffective assistance of counsel claims.

The trial court's analysis, however, consisted of one short paragraph: "Having considered Defendant's arguments and the evidence presented at trial, Defendant fails to establish that he was deprived of a fair trial and that the trial outcome would have been different." (2:07-cv-13283, DE 13-14 at 4.) Thus, the trial court determined that Mills failed to show prejudice under *Strickland* and denied Mills's ineffective assistance of trial counsel claims on the merits.

The trial court's application of *Strickland* was not contrary to or an unreasonable application of Supreme Court law. 28 U.S.C. § 2254(d)(1). With regard to the first ineffective assistance claim, the trial court found that Mills received timely notice of the potential sentencing enhancement when the prosecution filed a "Notice of Intent to Seek Sentence Enhancement-Third Offense" in compliance with state statute in September 2002, long before the March 2003 trial. Even assuming that trial counsel did not competently advise Mills of the effect the habitual offender enhancement would have on his sentence if he were convicted at trial–and we are not convinced on this record that counsel failed to give such competent advice–Mills did not show a reasonable probability that he would have accepted the plea offer for a reduced sentence. *See Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003) ("The second element of the *Strickland* test in the plea offer context is that there is a reasonable probability the petitioner would have pleaded guilty given competent advice.") Mills's trial strategy was to pursue vigorously a verdict of acquittal by attacking the child victims'

credibility and by refusing to allow his counsel to move for a mistrial when one of the child victims testified that someone told her what to say during her testimony. During trial, the prosecution offered Mills an opportunity to plead guilty to the charges in return for no prison time in addition to that he had already received on the Wayne County convictions. Trial counsel stated on the record that Mills rejected the plea offer against counsel's advice. At sentencing, Mills continued to assert his innocence of the crimes. The trial record thus does not disclose a reasonable probability that Mills would have accepted the prosecution's offer and entered a guilty plea. Therefore, Mills cannot establish prejudice arising from his trial counsel's alleged failure to inform him of the potential for a sentencing enhancement. *See Griffin*, 330 F.3d at 737.

As to the second ineffective assistance claim, Mills did not show that his trial counsel would have been successful in obtaining exclusion of the Rule 404(b) evidence if he had made a more complete argument to the trial court. As discussed previously, Mills's acquitted conduct was admissible under state law, and the Michigan Court of Appeals affirmed admission of that evidence. *Mills*, 2004 WL 1416268 at **2-3. Admission of the acquitted conduct under Rule 404(b) did not violate Mills's double jeopardy and due process rights. *See Dowling*, 493 U.S. at 347-49, 352-54. Therefore, Mills cannot show that, but for his counsel's alleged failure to argue more effectively against admission of the Rule 404(b) evidence, there is a reasonable probability that the trial court would have excluded the evidence and the trial outcome would have been different. *See Strickland*, 466 U.S. at 687-88.

Finally, Mills raised the ineffective assistance of appellate counsel claim simply as a means to excuse what he perceived to be a procedural default of his ineffective assistance of trial counsel

claims.  Because we have resolved the ineffective assistance of trial counsel claims on the merits,

we need not further consider the ineffective assistance of appellate counsel claim.

## IV.  CONCLUSION

For all of the reasons stated, Mills is not entitled to habeas relief on any of the four grounds

raised.  Accordingly, we **AFFIRM** the judgment of the district court.