ROGERS, J., delivered the opinion of the court, in which MARTIN, MOORE, COLE, CLAY, GIBBONS, SUTTON, COOK, KETHLEDGE, and WHITE, JJ., joined, and in which BATCHELDER, C.J., BOGGS, GILMAN, and McKEAGUE, JJ., joined with respect to Parts I and II only. BOGGS, J. (pp. 293-98), delivered a separate opinion concurring in part and dissenting in part, in which BATCHELDER, C.J., GILMAN, and McKEAGUE, JJ., joined. GRIFFIN, J. (pp. 298-309), delivered a separate dissenting opinion.
OPINION
ROGERS, Circuit Judge.
A Michigan jury found petitioner Bruce Guilmette guilty of first-degree home invasion. On state collateral review, Guilmette argued — for the first time — that his trial counsel had been constitutionally ineffective. The state trial court denied Guilmette’s claim on the merits, and both the state intermediate and supreme courts denied leave to appeal in brief and substantively identical orders. A federal district court granted Guilmette a conditional writ of habeas corpus after determining that Guilmette’s trial attorneys were constitutionally ineffective. The state now appeals, arguing that Guilmette procedurally defaulted his ineffective-assistance claim by failing to raise it during his direct appeal, and that the state supreme court’s brief order enforced that procedural rule. However, because the state supreme court’s order was unexplained (by which we mean the text of the order fails to disclose the reason for the judgment) and the last reasoned state court decision was on the merits, the state courts never enforced a procedural bar to Guilmette’s claim. The state is therefore not entitled to appellate relief.
I.
At approximately noon on January 7, 1999, a man forced open the locked front door of Joan McCormick’s home while McCormick sat in her living room. McCormick fell down during her attempt to flee into the interior of her house, and when she looked back at the door after her fall, the man was already fleeing the scene. McCormick identified the petitioner, Bruce Guilmette, out of two photographic lineups during the following weeks. The state prosecuted Guilmette for first-degree home invasion. At trial, the prosecution introduced two photographs that were purportedly of the perpetrator’s footprints in the snow around McCormick’s home: one taken by a police officer who had investi *289 gated the crime, and a second taken by McCormick after the police officer had departed. McCormick’s photograph was of a footprint on the threshold of her door, and the state relied upon that photograph at trial to establish the “entry” element of the alleged crime. See Mich. Comp. Laws § 750.110a(2). Rejecting Guilmette’s arguments that McCormick had misidentified him, a jury found Guilmette guilty of first-degree home invasion. For a more detailed recitation of the facts of the alleged home invasion and Guilmette’s trial, see Guilmette v. Howes, 591 F.3d 505 (6th Cir.2010) (vacated pursuant to March 12, 2010 order granting rehearing en banc).
After an unsuccessful direct appeal, Guilmette filed for state post-conviction review, arguing for the first time that his trial counsel had been ineffective for failing to investigate differences between the two photographed footprints. Guilmette argued that this error was prejudicial because the photographs were the only proof of entry. Guilmette also argued that his appellate counsel had been ineffective for failing to argue ineffective assistance of trial counsel. The state trial court denied these claims on the merits, determining that Guilmette’s trial counsel had not been ineffective because focusing on identification at the expense of arguing the elements of the crime was a reasonable trial strategy, and that his appellate counsel had not been ineffective for failing to raise a meritless claim of ineffective assistance of trial counsel. In the trial court’s words, Guilmette “failed to meet his burden in demonstrating that either his trial counsel’s or appellate counsel’s performance fell below an objective standard of reasonableness.” Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal, issuing substantively identical orders stating that Guilmette had failed “to meet the burden of establishing entitlement to relief under [Michigan Court Rule] 6.508(D).”
Guilmette petitioned for habeas relief based on the two ineffective-assistance claims that he raised on state collateral review. The district court granted a conditional habeas writ, finding that Guilmette’s trial counsel were constitutionally ineffective because they failed to investigate the differences between the two photographs. Guilmette v. Howes, 577 F.Supp.2d 904, 910-16 (E.D.Mich.2008). The district court determined that Guilmette had not procedurally defaulted this claim, citing Abela v. Martin, 380 F.3d 915, 922-24 (6th Cir.2004), for the proposition that some orders citing Rule 6.508(D) do not invoke a procedural bar. Guilmette, 577 F.Supp.2d at 909-10.
The state appealed, arguing that Guilmette procedurally defaulted his ineffective-assistance claim and that he failed to establish cause and prejudice for that default. A panel of this court reversed the district court’s judgment. Guilmette, 591 F.3d 505. Over a dissent, the panel held that, given the precise procedural history presented by this case, precedent compelled the conclusion that Michigan had applied a procedural bar to Guilmette’s claims for relief, and thus that Guilmette’s claims were procedurally defaulted. Id. at 508-11. We granted en banc review to determine whether a brief Michigan appellate court order citing Rule 6.508(D) is an explained order from which federal courts can determine whether the basis of the state court decision was procedural rather than merits-based.
II.
Brief orders citing Michigan Court Rule 6.508(D) are not explained orders invoking a procedural bar. We reach this result because holdings from the Michigan courts indicate that the language used by *290 such summary orders can refer to the petitioner’s failure to establish entitlement to relief either on the merits or procedurally, and such ambiguity demands a determination that the orders are not explained. A habeas petitioner procedurally defaults a claim if:
(1)the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.
Tolliver v. Sheets, 594 F.3d 900, 928 n. 11 (6th Cir.2010) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir.1986)). The second part of this rule requires federal courts to determine the basis on which state courts rejected a given claim, and this court has straggled with this interpretive task in the context of Michigan court orders citing Rule 6.508(D). See, e.g., Alexander v. Smith, 311 Fed.Appx. 875, 882 (6th Cir.2009) (discussing how an “apparent conflict within this circuit’s precedent” has “[c]omplieat[ed] matters” with respect to this question). Rule 6.508(D) provides:
Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
(1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on [direct] appeal
(2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision;
(3)alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
(a) good cause ..., and
(b) actual prejudice....
The court may waive the “good cause” requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime.
In some cases, the context of a brief order citing Rule 6.508(D) clearly indicates that the state appellate court is affirming the lower court’s determination that a petitioner’s claims are procedurally defaulted. See, e.g., Ivory v. Jackson, 509 F.3d 284, 292-93 (6th Cir.2007) (“Never, at any point in Ivory’s postconviction proceedings, did a Michigan court address the merits of his ineffective-assistance-of-trial-counsel claim.”). Our earliest case directly addressing whether brief orders citing Rule 6.508(D) are explained orders was such a case. See Simpson v. Jones, 238 F.3d 399, 403, 408 (6th Cir.2000).
But Michigan cases also reveal that some orders citing Rule 6.508(D) deny post-conviction relief on the merits. In People v. Jackson, the Michigan Supreme Court held that Rule 6.508(D) applied to convictions handed down before the effective date of that rule. 465 Mich. 390, 633 N.W.2d 825, 826 (2001). The petitioner in Jackson, Michael T. Jackson, was sixteen at the time of his offense, and a juvenile court had waived jurisdiction over his case before he had been tried as an adult. Id. at 827. Jackson argued that this waiver was improper, and the state trial court on post-conviction review denied this claim on the merits. Id. at 828-29. Before the Michigan Supreme Court, Jackson argued *291 that the exception to Rule 6.508(D)(3) for jurisdictional defects applied to his invalid waiver claim. Id. at 833. The state supreme court declined to decide this issue; instead, the court reasoned:
Regardless of whether this claim is a jurisdictional one within the meaning of [Rule] 6.508(D)(3), the defendant is not entitled to relief. Pursuant to [Rule] 6.508(D), “[t]he defendant has the burden of establishing entitlement to the relief requested.” The circuit judge’s second opinion discussed the merits of the juvenile court waiver issue and found it to be without merit. Accordingly, the defendant failed to establish his entitlement to relief. Thus, the defendant has not been deprived of review of that issue by the operation of subrule (D)(3).
Id. at 833-34 (third alteration in original). Under the analysis of this passage, Rule 6.508(D)’s introductory sentence requiring the petitioner to establish his entitlement to relief applies to both the procedural and merits aspects of a petitioner’s claim. Further, the Michigan Supreme Court used the phrase, “the defendant failed to establish his entitlement to relief,” to refer to the petitioner’s failure to establish entitlement to relief on the merits of his claim. This supports our precedent that Rule 6.508(D) has both a procedural and a substantive component, see Ivory, 509 F.3d at 292, and demonstrates that citations to a defendant’s failure to meet the burden of establishing entitlement to relief can refer to a defendant’s failure to meet that burden on the merits.
Michigan practice confirms that brief orders citing Rule 6.508(D) in some cases refer to a petitioner’s failure to meet his burden on the merits. The procedural-default rule stated by Rule 6.508(D)(3) applies only to claims that could have been brought on direct appeal, and thus — by necessity — it does not apply to claims of ineffective assistance of appellate counsel. In People v. Allen, a Michigan petitioner seeking post-conviction relief argued that the judge in his criminal trial had erroneously excluded evidence and that he had been denied the effective assistance of appellate counsel. No. 249788, 2005 WL 1106498, at *1 (Mich.Ct.App. May 10, 2005). The appellate court denied both of these claims on the merits. Id. The Michigan Supreme Court denied review “because the defendant ... failed to meet the burden of establishing entitlement to relief under [Rule] 6.508(D).” People v. Allen, 474 Mich. 936, 706 N.W.2d 15 (2005) (unpublished table decision). Because the petitioner in Allen could not have raised his claim of ineffective assistance of appellate counsel in an earlier proceeding, the Michigan Supreme Court’s form order necessarily rejected that claim on the merits. Further, the present case involved the same situation. Guilmette’s petition for post-conviction review in state court included both trial and appellate ineffective-assistance claims. The form orders used by the state intermediate and supreme courts thus necessarily rejected one of Guilmette’s claims on the merits. This fact refutes the argument that such form orders can only, or do only, refer to procedural default.
Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or denial of relief on the merits, the orders are unexplained. We must therefore look to the last reasoned state court opinion to determine the basis for the state court’s rejection of Guilmette’s claim. In Ylst v. Nunnemaker, the Supreme Court applied a presumption that “[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting *292 the same claim rest upon the same ground.” 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). Where, as here, “an earlier opinion ‘fairly appear[s] to rest primarily upon federal law,’ we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place.” Id. (citation omitted) (alteration in original) (quoting Coleman v. Thompson, 501 U.S. 722, 740, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Applying that presumption in this case results in a conclusion that the Michigan courts denied Guilmette’s claim of ineffective assistance of trial counsel on the merits.
Michigan’s primary argument that orders citing Rule 6.508(D) can only refer to procedural default is untenable in light of Jackson and the procedural history of cases like Allen and the present case. The state also suggests that the Michigan Supreme Court necessarily considered and thus determined whether Guilmette had proeedurally defaulted his claims because Michigan courts are required to consider procedural default before considering the merits of a collateral challenge to a criminal judgment. But the cases the state cites do not support this assertion. Instead, they stand for the considerably simpler proposition that collateral petitioners cannot succeed without establishing entitlement to relief both proeedurally and on the merits. See People v. McSwain, 259 Mich-App. 654, 676 N.W.2d 236, 256-57 (2003); People v. Brown, 196 Mich.App. 153, 492 N.W.2d 770, 773 (1992); People v. Watroba, 193 Mich.App. 124, 483 N.W.2d 441, 442 (1992). This proposition does not prevent a state court from denying collateral relief to a petitioner on the merits without reaching the issue of procedural default. Further, the Michigan Supreme Court has implicitly rejected the state’s assertion by deciding a case on the merits without considering procedural default. Jackson, 633 N.W.2d at 833-34.
Today’s holding also does not undermine federalism, and it does not disregard Michigan’s interest in the enforcement of its procedural rules. We are mindful of our duty to “to safeguard the States’ interest in the integrity of their criminal and collateral proceedings.” Williams v. Taylor, 529 U.S. 420, 436, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). But a duty to protect a state’s interest in its procedural rules is only applicable once we determine that the state has decided a given case on a procedural basis. The existence of this federalism interest thus depends on the question we are asked to resolve. Because we are bound by the Supreme Court’s holding in Ylst to determine that the state rejected Guilmette’s claim of ineffective assistance of trial counsel on the merits, there is no state enforcement of a procedural rule in this case to which the federal courts can defer.
III.
 We do not reach the merits of Guilmette’s claim of ineffective assistance of trial counsel because the state did not appeal that aspect of the district court’s judgment. Our general rule is that “ ‘[a]n appellant abandons all issues not raised and argued in its initial brief on appeal.’ ” United States v. Johnson, 440 F.3d 832, 845-46 (6th Cir.2006) (quoting United States v. Still, 102 F.3d 118, 122 n. 7 (5th Cir.1996)). Although this court may overlook such forfeiture, we part company with the partial dissent because we do not believe precedent requires us to look past the state’s default in these circumstances, and we decline to do so. In its initial appellate brief, the state raised two issues: (1) did Guilmette proeedurally default his ineffective-assistance claim, and (2) had Guilmette demonstrated cause and prejudice *293 for his procedural default. In his brief, Guilmette noted the state’s failure to appeal the merits of his claim, and he argued that the state had therefore abandoned this issue. The state did not file a reply brief. The panel opinion concluded that the state had challenged the district court's conclusion only with respect to procedural default, Guilmette, 591 F.3d at 508, and the state neither contested this premise nor argued the merits of the claim before the en banc court. The state thus did not appeal the merits of the district court’s decision, did not respond to Guilmette’s argument that such forfeiture precluded review, and did not argue before the en banc court that the panel’s opinion should be reinstated on the alternative basis that Guilmette’s counsel were not constitutionally ineffective. These circumstances do not warrant an exercise of our discretion to overlook the state’s forfeiture of its merits argument.
Because the state has not established that Guilmette procedurally defaulted his claim of ineffective assistance of trial counsel, we affirm the judgment of the district court.