NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0146n.06

No. 10-2359

FILED

Feb 07, 2012

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

WAYNE MCCARTY,                         )
                                       )
        Petitioner-Appellant,          )
                                       )        ON APPEAL FROM THE UNITED
v.                                     )        STATES DISTRICT COURT FOR
                                       )        THE WESTERN DISTRICT OF
CARMEN PALMER, Warden,                 )        MICHIGAN
                                       )
        Respondent-Appellee.           )


BEFORE: MARTIN, SUTTON, and BALDOCK, Circuit Judges.[*]


PER CURIAM. Wayne McCarty appeals a district court judgment denying his petition for

a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

A jury found McCarty guilty of assault with the intent to commit murder. The trial court

sentenced him to twenty-five to fifty years of imprisonment. On direct appeal, McCarty argued that

the trial court erred by admitting certain evidence and by allowing the victim to be present in the

courtroom. The Michigan Court of Appeals affirmed McCarty's conviction. *People v. McCarty*,

No. 242792, 2003 WL 22928926, at *2 (Mich. Ct. App. Dec. 11, 2003). McCarty did not file an

appeal with the Michigan Supreme Court.

McCarty subsequently filed a motion for relief from judgment with the trial court, asserting

that he was improperly denied the opportunity to question the victim, that the prosecutor engaged

_____

[*]The Honorable Bobby R. Baldock, Circuit Judge for the United States Court of Appeals for
the Tenth Circuit, sitting by designation.

in misconduct, that his sentence was unconstitutional, and that his trial and appellate counsel were ineffective. The trial court denied the motion. The Michigan Court of Appeals and the Michigan Supreme Court denied McCarty leave to appeal under Michigan Court Rule 6.508(D).

McCarty then filed his habeas corpus petition, asserting the same claims that he raised in his motion for relief from judgment. A magistrate judge recommended denying McCarty's ineffective assistance of appellate counsel claim as meritless and denying the remaining claims as procedurally defaulted. Upon de novo review of the magistrate judge's report, the district court dismissed McCarty's habeas corpus petition, adopting the magistrate judge's report. Recognizing that a pending en banc decision of our circuit could change the outcome, however, the district court issued a certificate of appealability on the single issue of whether the majority of McCarty's claims were procedurally defaulted. This court declined to expand the certificate of appealability.

On appeal, McCarty argues that the district court erred by concluding that the majority of his claims were procedurally defaulted. A federal habeas corpus claim is procedurally defaulted when a petitioner fails to comply with a state procedural rule, the state courts enforce the rule, the rule is an adequate and independent state ground for denying review of a federal constitutional claim, and no cause and prejudice excusing the default have been established. *Jalowiec v. Bradshaw*, 657 F.3d 293, 302 (6th Cir. 2011). To determine whether a state procedural rule was applied to bar a claim, we look to the last reasoned state-court decision disposing of the claim. *Id.* We apply a presumption that, "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

Because Michigan's Rule 6.508(D) form orders were unexplained, *see Guilmette v. Howes*, 624 F.3d 286, 289-92 (6th Cir. 2010) (en banc), the last reasoned state-court decision that rejected McCarty's claims was the trial court's denial of his motion for relief from judgment. That decision addressed McCarty's claims on the merits, rather than clearly and expressly relying on a procedural bar. *See Bowling v. Parker*, 344 F.3d 487, 498-99 (6th Cir. 2003). Applying the presumption that the later unexplained orders rest upon the same ground, we must conclude that the state courts of Michigan did not enforce a procedural rule to bar McCarty's claims and that, as a result, his claims are not procedurally defaulted. *See Guilmette*, 624 F.3d at 291-92.

Accordingly, we vacate the district court's judgment. On remand, the district court is instructed to address the merits of those claims that it previously found to be procedurally defaulted.