NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0412n.06

No. 10-1660

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>JAMES EVERETT,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td><strong>FILED</strong></td></tr>
<tr><td>Petitioner-Appellant,</td><td>)</td><td><strong><em>Apr 16, 2012</em></strong></td></tr>
<tr><td></td><td>)</td><td>LEONARD GREEN, Clerk</td></tr>
<tr><td>v.</td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td></td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td>DAVID BERGH, WARDEN,</td><td>)</td><td>THE EASTERN DISTRICT OF</td></tr>
<tr><td></td><td>)</td><td>MICHIGAN</td></tr>
<tr><td>Respondent-Appellee.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

Before: MARTIN, SUTTON, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. A Michigan jury convicted James Everett of second-degree murder in 1999. After his unsuccessful state-court appeal and motion for relief from judgment, he filed for federal habeas relief, which the district court denied. We affirm.

I.

James Everett and Christopher May were selling drugs in Detroit in December of 1995 when Ernest Dickerson approached them. Dickerson, who occasionally sold drugs with Everett out of a house on Faircrest Street, began arguing with Everett. When Everett drove away in his black Cadillac, Dickerson shot at him. A few days later, Everett warned Latesha Lewis to stay away from the Faircrest house, where she too sold drugs. Everett told several other people that he was going to shoot up the house. In the early morning hours of December 23, he did. Lewis, who was lying

on a couch downstairs, was killed by four bullets fired from a black Cadillac. An occupant of the house identified Everett as the passenger in the Cadillac.

At trial, Everett advanced an alibi defense: his brother, sister, and mother all testified that he was in New York on the night of Lewis's death. The jury did not believe his alibi, however, and found him guilty of second-degree murder. The trial court sentenced him to 25 to 50 years' imprisonment. Everett appealed, presenting different arguments than the ones he makes here. The Michigan Court of Appeals affirmed his conviction.

Everett then filed a motion for relief from judgment in the trial court. The court found that most of his claims were barred by Michigan Court Rule 6.508(D)(3), since he had failed to bring them on direct appeal. The Michigan Court of Appeals and Michigan Supreme Court later denied relief. Thereafter, Everett filed a claim for federal habeas relief under 28 U.S.C. § 2254, which the district court denied. This appeal followed.

## II.

The State argues, and the district court agreed, that all of Everett's claims are procedurally defaulted. Procedural default occurs when: "(1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default." *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (en banc). Here, Michigan Court Rule 6.508(D)(3) required Everett first to bring his claims on direct appeal. Everett did not comply with this rule with respect to the claims he brings here. The Michigan Court of Appeals and Michigan Supreme Court declined to grant relief on those claims

in form orders citing Rule 6.508(D). Those orders "are ambiguous as to whether they refer to procedural default or denial of relief on the merits, the orders are unexplained." *Guilmette*, 624 F.3d at 291. We therefore "look to the last reasoned state court opinion" to determine their basis. *Id*. Here, that opinion was the trial court's denial of relief from judgment. In that opinion, the court enforced the procedural bar in Rule 6.508(D). That rule "constitutes an adequate and independent ground on which the Michigan courts may rely in foreclosing review of federal claims." *Akrawi v. Booker*, 572 F.3d 252, 261 (6th Cir. 2009).

Thus, Everett's claims are procedurally defaulted here.

A.

Everett argues that the allegedly ineffective assistance of his lawyer in his direct appeal is cause to excuse his procedural default. To establish ineffective assistance, Everett must show that his attorney's performance was deficient and that it prejudiced Everett's defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The "mere failure of appellate counsel to bring up every non-frivolous claim" on appeal does not amount to deficient performance. *Alexander v. Smith*, 311 F. App'x 875, 885 (6th Cir. 2009) (internal quotation marks omitted). To show cause, Everett must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Webb v. Mitchell*, 586 F.3d 383, 399 (6th Cir. 2009) (internal quotation marks omitted). Moreover, he must show there is a reasonable probability that he would have prevailed on his appeal, but for counsel's failure to bring up the issue. *See Strickland*, 466 U.S. at 694. Thus, for us to consider each of Everett's claims, he must show that his appellate counsel was constitutionally ineffective for

failing to raise it on direct appeal. We review de novo whether Everett has made that showing. *See Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000).

1.

Everett's first claim is that his attorney should have argued that the State violated the Interstate Agreement on Detainers by returning him to federal custody without trying him first and by taking too long to bring him to trial. *See* Mich. Comp. Laws § 780.601 *and* 18 U.S.C. app. § 2. That claim is not cognizable on federal habeas review. *See Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir. 1988) ("While there is a division of authority on this issue, we are satisfied that the majority view dictates that a violation of [the Interstate Agreement on Detainers] . . . is not a basis for habeas corpus relief"). We therefore deny this claim for that reason.

2.

Everett next claims that his attorney should have argued on direct appeal that Everett was denied his Sixth Amendment right to a speedy trial. Whether that right was violated depends on four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). We thus consider whether, at the time of Everett's direct appeal, these factors so clearly favored him that his counsel's failure to present the claim amounted to ineffective assistance.

The first factor is a threshold inquiry: a delay of more than one year triggers analysis of the remaining *Barker* factors. *See United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006). "Once charges are dismissed, the speedy trial guarantee is no longer applicable." *United States v. MacDonald*, 456 U.S. 1, 8 (1982). Here, the first indictment against Everett was dismissed, and

more than a year elapsed before another indictment was filed. We omit the period between the dismissal of the first indictment and the issuance of the second. *See United States v. Martin*, 543 F.2d 577, 579 (6th Cir. 1976). One year and six days elapsed between the filing and dismissal of the first indictment. And nearly 8 months elapsed between the filing of the second indictment and Everett's trial. A total of 20 months leads us to consider the remaining *Barker* factors.

As to the second factor, "[g]overnmental delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government, while neutral reasons such as negligence are weighted less heavily." *Robinson*, 455 F.3d at 607. Here, Everett admits that part of the delay could plausibly be attributed to him, since he had left Michigan and was federally incarcerated under a different name. This factor therefore inclines against him.

The same is true of the third factor. Although Everett requested action on the first indictment under the Interstate Agreement on Detainers, he made no effort to expedite action on the second. Nor did he object to the trial date.

"The final *Barker* factor requires the defendant to show that substantial prejudice has resulted from the delay." *Id.* at 608 (internal quotation marks omitted). Everett argues that his defense was prejudiced because two prosecution witnesses, Ernest Dickerson and Lisa Ward, were not present at trial. As the district court noted, however, each of these witnesses could have implicated Everett in the murder. (Presumably that is why they were prosecution witnesses.) Everett also contends that the delay impaired his defense because his witnesses were "thoroughly attacked" by the State for their lack of memory. But for the most part their lapses in memory pertained to minor details, like the make of the car that Everett used to get to New York. So we do not see much prejudice here.

Everett cannot show that the *Barker* factors so favored him that his appellate counsel was ineffective for failing to raise a constitutional speedy-trial claim. We therefore cannot consider the claim here.

3.

Everett's next claim is that the evidence was insufficient to convict him. Michigan defines second-degree murder as: "(1) a death, (2) the death was caused by an act of the defendant, (3) the defendant acted with malice, and (4) the defendant did not have lawful justification or excuse for causing the death." *People v. Smith*, 731 N.W.2d 411, 414-15 (Mich. 2007).

Here, Latesha Lewis died from gunshot wounds. Everett told several people that he was going to shoot up the Faircrest Street house. Witnesses saw him cruising by the house less than a minute after the shooting. He had a motive, and he fled Detroit after learning of Lewis's death. This claim was not so strong that Everett's attorney was ineffective for omitting it on direct appeal. Thus the claim is defaulted, and we cannot consider it.

4.

Everett also argues that the prosecutor committed misconduct during his trial, that his trial counsel was ineffective, and that the trial judge was biased against him. Suffice it to say that these claims were not so plainly meritorious that his appellate counsel was ineffective for failing to raise them. We therefore cannot consider these claims either.

Since all of the claims Everett now brings were procedurally defaulted, his only avenue for habeas relief is showing that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Everett has not made that showing.

The district court's judgment is affirmed.