**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0662n.06

No. 09-2569

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jun 22, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| MARCUS JACKSON, | ) | |
| | ) | |
| **Petitioner-Appellant,** | ) | |
| | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| | ) | |
| LINDA M. METRISH, | ) | **O P I N I O N** |
| | ) | |
| **Respondent-Appellee.** | ) | |
| | ) | |

BEFORE:  BATCHELDER, Chief Judge; NORRIS and STRANCH, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.**  Marcus Jackson appeals from the denial of his petition

for a writ of habeas corpus, 28 U.S.C. § 2254, by the district court.  Petitioner sought a certificate

of appealability, 28 U.S.C. § 2253(c)(1)(A), which this court ultimately granted on the sole claim

that trial counsel provided ineffective assistance.

A jury found petitioner guilty of first-degree felony murder, assault with intent to murder,

armed robbery, possessing a firearm during the commission of a felony, and being a felon in

possession of a firearm.  The trial court sentenced him to an effective term of life in prison. The

Michigan Court of Appeals affirmed the trial court's judgment, *People v. Jackson*, No. 237766, 2003

WL 1365232 (Mich. Ct. App. Mar. 18, 2003), and the Michigan Supreme Court denied leave to

1

appeal. *People v. Jackson*, 670 N.W.2d 221 (Mich. 2003) (table). Petitioner then filed a motion for relief from judgment in the trial court. He raised his claim of ineffective assistance for the first time in that motion. The trial court declined to grant relief, and the Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal, citing Michigan Court Rule 6.508(D).

As it did below, the State contends that the ineffective assistance claim has been procedurally defaulted. The district court agreed with this proposition, noting that "the procedural bar set forth in Rule 6.508(D) constitutes an adequate and independent ground on which the Michigan Supreme Court may rely in foreclosing review of federal claims." Opinion and Order, Nov. 13, 2009, R. 38 at 17. Since the district court's opinion issued, however, this court has clarified that "[b]rief orders citing Michigan Court Rule 6.508(D) are not explained orders invoking a procedural bar." *Guilmette v. Howes*, 624 F.3d 286, 289 (6th Cir. 2010) (en banc). In reaching that conclusion, we observed that some Michigan cases have cited Rule 6.508(D) when denying post-conviction relief on the merits while others have invoked the rule when "affirming the lower court's determination that a petitioner's claims are procedurally defaulted." *Id.* at 290.

In this case, both the Michigan Court of Appeals and the Michigan Supreme Court denied relief in form orders that cited Rule 6.508(D) without further explanation. Under such circumstances, "[w]e must . . . look to the last reasoned state court opinion to determine the basis for the state court's rejection of [petitioner's] claim." *Id.* at 291 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). In the instant case, the trial court's opinion denying petitioner's motion for relief from judgment represents the last reasoned state court opinion. The trial court specifically invoked

2

the procedural default subsection of the rule throughout the course of its analysis. That subsection precludes a court from granting relief to a defendant who "alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion" unless he demonstrates cause and prejudice for his omission. MCR 6.508(D)(3). The Michigan trial court specifically relies upon this subsection, therefore, petitioner procedurally defaulted his ineffective assistance of trial counsel claim.

Even though petitioner procedurally defaulted his ineffective assistance of trial counsel claim in the Michigan courts, he can still prevail if he can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). He has not done so. Although he has not raised it as an independent claim, petitioner contends that ineffective assistance of appellate counsel provides the cause for the default of his ineffective assistance of trial counsel claim. As the district court observed below, counsel is not obliged to raise every possible claim. Opinion and Order, Nov. 13, 2009, R. 38 at 18 (citing *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983)). We have observed that "the decision of which among the possible claims to pursue is ordinarily entrusted to counsel's professional judgment." *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004). Moreover, failure to raise an issue on appeal is only ineffective if there is a reasonable probability that the inclusion of the issue would have changed the result of the appeal. *See Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). Both the Michigan trial court judge in her opinion denying post-conviction relief and the district court judge in his

opinion denying a writ of habeas corpus examined the alleged deficiencies of trial counsel and found that, contrary to petitioner's contention, counsel's representation did not fall below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Given that trial counsel provided the level of representation required by the Sixth Amendment, appellate counsel had no obligation – particularly under the deferential standard of *Strickland* – to raise ineffective assistance on appeal. Hence, petitioner has failed to show cause for his procedural default. Even if we were to assume that trial counsel's performance was somehow wanting, petitioner has not established either prejudice or the possibility that failure to consider his ineffective assistance claim will result in a miscarriage of justice. As explained by the courts below, even if we were to discount the evidence that petitioner challenges (and contends that trial counsel should have disputed), the remaining evidence introduced against him at trial was overwhelming and sufficient to establish guilt beyond a reasonable doubt.

The judgment is **affirmed**.