*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0273p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

TERRENCE HENDERSON,

     *Petitioner-Appellant*,

    *v.*

CARMEN PALMER, Warden,

     *Respondent-Appellee*.

No. 11-1943

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 1:07-cv-14712—Thomas L. Ludington, District Judge.

Decided and Filed: September 12, 2013

Before: COLE and DONALD, Circuit Judges; MARBLEY, District Judge.[*]

_____

**COUNSEL**

_____

**ON BRIEF:** John K. Crisham, Andrew C. Phillips, KIRKLAND & ELLIS LLP, Washington, D.C., for Appellant. Mark G. Sands, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

_____

**OPINION**

_____

ALGENON L. MARBLEY, District Judge. Petitioner-Appellant Terrence Henderson appeals the district court's denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. He contends that the district court erred in finding his first, second, third, and fifth claims of error to be procedurally defaulted. The basis for finding procedural default was the lateness of Henderson's application for leave to appeal the trial court's denial of his first motion for reconsideration. The late arrival

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

caused the Michigan Court of Appeals to dismiss his application as untimely. Henderson argues that the district court's decision neglected controlling Sixth Circuit law, specifically, *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003). The Appellee concedes that the district court neglected *Maples*, but proposes alternative grounds for finding Henderson's claims to be procedurally defaulted. We reverse the district court.

## I.  BACKGROUND

### A.  Arrest and Trial

On February 7, 2003, in Lansing, Michigan, the Petitioner-Appellant, Terrence Henderson, was stopped by a police officer for driving 35 miles per hour in a 25 miles per hour zone. When the officer entered the vehicle's information into the police database, he discovered that the vehicle had been reported stolen in Detroit. The officer arrested Henderson and transferred him to the custody of the Detroit Police Department. In Detroit, Officer Mark Burke attempted to organize a live lineup, but could not locate five males of defendant's description. Officer Burke "called around to the different precincts [in Detroit, Michigan] but could not find any black males in custody that fit defendant's description." Officer Burke then decided to conduct a photographic lineup, at which Henderson was identified as the suspect in a carjacking. Police records state that an attorney representing Henderson's interests, Timothy Corr, was present for the photographic lineup. After Henderson's conviction, however, Corr wrote a letter to Henderson stating that he had not been present at the lineup and that any record to the contrary was erroneous.

At trial, Henderson's counsel neither challenged the admission of the photographic lineup, nor testimony regarding it. In fact, Henderson's counsel chose not to present any evidence at trial. The jury found Henderson guilty of armed robbery and carjacking.

B.  Direct Appeal

Henderson appealed his conviction to the Michigan Court of Appeals.  Once Henderson received the letter from Corr, he requested that his appellate counsel include it in a supplemental brief.  Appellate counsel refused, stating that Henderson must first pay him for the work he had already performed.  He also informed Henderson that Henderson himself could file a brief.  Appellate counsel did not object to the prosecutor's alleged solicitation of false evidence.  The court of appeals denied Henderson's appeal.

Appellate counsel then erroneously informed Henderson that he had until April 15, 2005 to apply for leave to appeal to the Michigan Supreme Court when the actual deadline was April 7, 2005.  Henderson's application, which arrived on April 8, 2005 was rejected as untimely.

C.  First Motion for Relief from Judgment

On November 11, 2005, Henderson filed his first motion for relief from judgment in the original trial court.  He raised four claims:

> (1) Trial counsel was ineffective for failing to challenge admission of the photographic lineup;
>
> (2) The prosecutor violated Henderson's right to a fair trial by soliciting false evidence and testimony about the presence of an attorney at the photographic lineup;
>
> (3) Trial counsel was ineffective for failing to investigate whether there was an attorney present at the photographic lineup; and
>
> (4) Appellate counsel was ineffective for failing to raise the first three issues on direct appeal.

In a two-page decision, the trial court denied Henderson's motion pursuant to Michigan's Rule of Criminal Procedure 6.504(B)(2), finding that "it appears from the face of the materials presented that defendant is not entitled to relief."

Under Michigan law as it stood then, Henderson had one year during which to file an appeal, giving him until December 5, 2006.  Henderson proceeded *pro se* in

preparing his appeal and submitted his filing packet to the prison mailroom on November 30, 2006. As a result of failings by the prison's mail system, Henderson's packet did not arrive until one day after the filing deadline. The court of appeals dismissed Henderson's application for lack of jurisdiction on account of its lateness. Henderson appealed the dismissal, but the Michigan Supreme Court also denied his application for leave to appeal, without considering the merits.

D. Federal Habeas Corpus and Second Motion for Relief from Judgment

On November 2, 2007, Henderson filed a petition for habeas corpus in the United States District Court for the Eastern District of Michigan. The district court held the petition in abeyance to allow Henderson to exhaust certain claims, none of which is presented by the appeal sub judice, not previously presented to Michigan courts.

Again, the original trial court denied Henderson's motion for relief, finding no new evidence or retroactive change in the law necessary to support such a motion. Henderson applied for leave to appeal, but Michigan Rule of Criminal Procedure 6.502(G) prohibits an appeal from "the denial or rejection of a successive motion [for relief from judgment]." Accordingly, the court of appeals denied his application.

The district court then lifted the stay on Henderson's habeas petition. The petition presented twelve claims of error. The district court found that four of the claims were procedurally defaulted because Henderson "did not fairly present them to the Michigan Supreme Court because his application for leave to appeal was untimely and not accepted for filing." The district court also found that five claims were procedurally defaulted. Henderson had presented those five claims for the first time in his second motion for relief from judgment. Thus, the state courts had disposed of the claims on procedural grounds and they had not been exhausted. No remedy remained to exhaust those claims and Henderson had not established the necessary elements, cause and prejudice, to excuse his default. Contrary to the district court's understanding, however, Henderson's claim that appellate counsel was ineffective for failing to raise certain errors of trial counsel had actually been presented in Henderson's first motion for relief from judgment. Finally, the district court denied Henderson's second, third, and fifth

claims because his application for leave to appeal the trial court's denial of his first motion for relief from judgment was rejected when it failed to arrive at the court of appeals within the 12-month deadline, for reasons discussed *supra*. Henderson filed a motion for reconsideration which the district court also denied.

Proceeding *pro se*, Henderson then applied to this Court for a certificate of appealability, arguing, in relevant part, that the district court had erred in finding the claims presented by his first motion for relief from judgment to be procedurally defaulted. The first certificate of appealability granted Henderson leave to proceed on the second, third, and fifth claims of his habeas petition:

> II.     The prosecutor violated Mr. Henderson's rights to a fair trial under the Fourteenth Amendment of the United States Constitution and Michigan Constitution 1963, Art. 1, §17, by the soliciting of false evidence and testimony to obtain a conviction.
>
> III.    Mr. Henderson was denied the effective assistance of trial counsel in violation of the Sixth Amendment where trial counsel (1) failed to investigate [*sic*] (2) failed to uphold and protect Mr. Henderson's state and federal due process rights.
>
> V.      Defendant was denied his Sixth Amendment right to the effective assistance of counsel, when his counsel failed to seek suppression of the photographic show up [*sic*] that was conducted with the complainant while Defendant was in custody.

On Henderson's motion for reconsideration, this Court subsequently expanded the certificate of appealability to include Henderson's first claim:

> I.      Petitioner was denied the effective assistance of appellate counsel where counsel failed to raise the [preceding] issues [II and III], and where counsel gave Mr. Henderson inaccurate advice.

Since that claim had actually been raised in Henderson's first motion for relief from judgment, it was not procedurally defaulted.

Hence, we now consider the first, second, third, and fifth claims in Henderson's habeas petition. For the reasons stated herein, the district court's denial of those claims

as procedurally defaulted is VACATED.  We remand all four claims to the district court for further proceedings consistent with this opinion.

## II.  JURISDICTION

Petitioner appeals the denial of his petition for habeas corpus by the district court, pursuant to 28 U.S.C. § 2254.  We have jurisdiction to consider the appeal pursuant to 28 U.S.C. §§ 1291 and 2253.

## III.  ANALYSIS

### A.  Standard of Review

In a habeas proceeding, we review the district court's legal conclusions de novo and its factual findings for clear error.  *Adams v. Holland*, 330 F.3d 398, 400 (6th Cir. 2003).  Pursuant to the Antiterrorism and Effective Death Penalty Act, habeas relief is available to a state prisoner only where "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(a).  Generally, this Court reviews only those habeas claims decided on the merits in state courts, not those deemed procedurally defaulted.  *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000).  Nonetheless, "[a] petitioner may avoid this procedural default [] by showing that there was cause for the defaults and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case."  *Id*. at 550.  To determine whether a claim has been procedurally defaulted, we apply a four-factor test:

> First, the court must determine whether there is such a procedural rule that is applicable to the claim at issue and whether the petitioner did, in fact, fail to follow it. Second, the court must decide whether the state courts actually enforced its procedural sanction. Third, the court must decide whether the state's procedural forfeiture is an "adequate and independent" ground on which the state can rely to foreclose review of a federal constitutional claim. "This question will usually involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims." And, fourth, the petitioner must demonstrate, consistent with *Wainwright v. Sykes*, 433 U.S. 72 [] (1977), that there was "cause" for him to neglect the

procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Greer v. Mitchell*, 264 F.3d 663, 672-73 (6th Cir. 2001).

### B. *Maples* and Alleged Procedural Default

The district court found Henderson's claims to be procedurally defaulted on the grounds that his application "for leave to appeal to the Michigan Court of Appeals from the trial court's denial of the [first motion for relief from judgment] was dismissed because it was not filed within the applicable 12-month limitations period."[1] Thus, those claims "were not fairly presented to the Michigan Court of Appeals and are unexhausted." What the district court overlooked, however, is the reason that the application for leave to appeal was not filed within the applicable 12-month limitations period: prison mail officials failed to deliver timely Henderson's application to the Michigan Supreme Court. The Appellee concedes that, as evidenced by Henderson's receipt, Henderson commended his application to the care of prison mail officials on the morning of November 30, 2006, five days prior to the deadline. This Court has previously held that "[w]here a pro se prisoner attempts to deliver his petition for mailing in sufficient time for it to arrive timely in the normal course of events" that circumstance "is sufficient to excuse a procedural default based upon a late filing." *Maples v. Stegall*, 340 F.3d 433, 439 (6th Cir. 2003).

In the case *sub judice*, as in *Maples*, the petitioner submitted his petition to the prison mail room five days prior to the deadline. At that point, the papers were in the control of prison officials and Henderson could not influence their delivery. We abide by the *Maples* panel that when a prisoner submits a petition to the prison mailroom five days prior to a filing deadline and it is not delivered there is "cause to excuse [the] procedural default." *Id.* Thus, none of the four claims *sub judice* is procedurally

---

[1]As mentioned *supra*, the district court erroneously found that Henderson's first claim was raised for the first time only in his second motion for relief from judgment. That is incorrect; it was raised in his first motion for relief from judgment. The district court dismissed all claims raised in the first motion for relief also. Although we do not know whether the district court would also have dismissed the first claim for the same reasons it dismissed the other claims, to do so would have been incorrect for reasons we explain here.

defaulted as a result of the late arrival of Henderson's application to the Michigan Supreme Court. The district court's finding to the contrary was in error.

The Appellee concedes that *Maples* is controlling law, but nevertheless urges us to deny Henderson's appeal on other grounds not stated by the district court. Specifically, the Appellee argues that in denying Henderson's first motion for relief from judgment, the trial court found the same claims presented here "were defaulted for [Henderson's] failure to raise them on direct appeal and, alternatively, that they lacked merit."

On habeas review, we do not consider claims that were deemed procedurally defaulted on "an independent and adequate state procedural rule . . . unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Jalowiec v. Bradshaw*, 657 F.3d 293, 302 (6th Cir. 2011), *cert. denied,* 133 S. Ct. 107, (2012), (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). As stated above, in the Sixth Circuit, "[a] habeas petitioner's claim will be deemed procedurally defaulted if each of the following four factors is met: (1) the petitioner failed to comply with a state procedural rule; (2) the state courts enforced the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner has not shown cause and prejudice excusing the default." *Id.* To determine whether a state procedural rule was applied to bar a habeas claim, we look "to the last reasoned state court-decision disposing of the claim." *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (en banc).

### C. First Claim: Ineffective Assistance of Appellate Counsel

We note that of the four claims *sub judice*, the first, ineffective assistance of appellate counsel for failing to raise the second and third claims on direct appeal, could not possibly have been raised on direct appeal. Only after appellate counsel failed to raise the second and third claims on direct appeal could Henderson claim he had received ineffective assistance. Henderson's first opportunity to raise ineffective assistance of

appellate counsel was on collateral review in the Michigan courts, an opportunity he took in his first motion for relief from judgment. *Guilmette*, 624 F.3d at 291. Thus, we hold Henderson's claim of ineffective assistance of appellate counsel in the direct appeal is not procedurally defaulted for failure to present it on direct appeal because to do so was manifestly impossible. Indeed, Appellee cannot satisfy even the first prong of the test for procedural default because in the last reasoned state court decision, the original trial court denied the ineffective assistance of appellate counsel claim on the merits, rather than procedural grounds. It found, in relevant part, that "[a]ppellate counsel cannot be ineffective for failing to raise these issues, which were without *merit*" (emphasis added).

Alternatively, the Appellee requests that we deny Henderson's first claim on the merits. According to the Appellee, Henderson's appellate counsel was aware of the letter from Corr that gave rise to the second and third claims, and made a "strategic decision" not to raise those claims. Since the district court erred in finding the first claim to be procedurally defaulted, however, "no federal court has yet issued a substantive ruling on this habeas corpus claim." *Smith v. Morgan*, 371 F.App'x 575, 582 (6th Cir. 2010). Moreover, Henderson seeks an evidentiary hearing in order to prove his claim of ineffective assistance, the proper venue for which is the district court. Thus, we REMAND Henderson's first claim of error to the district court.

### D. Second, Third, and Fifth Claims: Ineffective Assistance of Trial Counsel and Solicitation of False Evidence

Unlike Henderson's first claim, the other three claims could all have been raised on direct appeal: (2) solicitation of false evidence by the prosecutor; (3) failure of trial counsel to investigate the photographic lineup and whether there was an attorney present; and (5) failure of trial counsel to seek suppression of the photographic lineup. The Appellee argues that Henderson's failure to raise these claims on direct appeal renders them procedurally defaulted pursuant to Michigan Rule of Criminal Procedure 6.508(D)(3).

As this Court previously held in another case considering Michigan's Rule 6.508(D), "neither the mere availability nor the potential, or even obvious, applicability of such a [procedural] rule is determinative.  To operate as a bar to habeas review, such a rule *must be clearly and expressly invoked*." *Skinner v. McLemore*, 425 F.App'x 491, 495 (6th Cir. 2011) (emphasis added) (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989)).  Put another way, "there must be unambiguous state-court reliance on a procedural default to block our [federal habeas corpus] review." *Id.*, quoting *Bowling v. Parker*, 344 F.3d 487, 499 (6th Cir. 2003).  If a state court order denying relief cites to Rule 6.508(D), with little or no explanation, "[w]e must therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection of [petitioner's] claim." *Guilmette*, 624 F.3d at 291.

First, we observe that the district court found the grounds for procedural default to be the late arrival of Henderson's application for leave to appeal, not a failure to comply with Rule 6.508(D)(3).  Second, the last reasoned decision of the state courts, the trial court's denial of Henderson's first motion for relief from judgment, did not find procedural default pursuant to Rule 6.508(D)(3).  In fact, that decision did not cite any part of Rule 6.508(D).  The only rule the trial court did cite, Rule 6.504(B)(2), merely directs the court to deny a motion for relief "[i]f it plainly appears from the face of the materials . . . that the defendant is not entitled to relief."  Third, although the trial court stated that "Defendant cannot establish cause for failing to present these issues in earlier proceedings," it proceeded to address the merits of the claims.  The trial court quoted the court of appeals decision on Henderson's direct appeal, which held that "the facts adduced at trial demonstrate that an independent basis exist [*sic*] for the identification and a motion to challenge the admission of the photographic show up would have been unsuccessful."  The trial court went on to state that "[a]ppellate counsel cannot be ineffective for failing to raise these issues, which were without merit."[2]  In light of the

---

[2] The Appellee suggests that since Henderson could have filed a *pro se* supplemental brief in addition to the one filed by his counsel and failed to do so, his second, third, and fifth claims should be procedurally barred for failure to raise them on direct appeal.  Appellee's brief does not cite any case law in support of that proposition.  Appellee also fails to explain how the possibility Henderson could have filed such a brief would mean that appellate counsel's assistance was not ineffective.

trial court's failure to "clearly and expressly" invoke Rule 6.508(D), and its statements on the merits of Henderson's claims, we hold that the decision is ambiguous as to whether Henderson's claims were found to be procedurally defaulted or denied on the merits. Since the trial court's decision does not show "unambiguous state-court reliance on a procedural default," we cannot say that the state court actually enforced a procedural rule in denying Henderson's claim. The Appellee, thus, cannot satisfy the second prong of the test for procedural default.

Even if the second prong had been satisfied, however, Henderson has demonstrated cause and prejudice to excuse a procedural default. We have previously held that where habeas petitioner's appellate counsel was ineffective for failing to raise errors of trial counsel on direct appeal a "[p]etitioner has cause for his error [of failing to raise claims on direct appeal] because it was a direct result of ineffective assistance of appellate counsel." *Williams v. Anderson*, 460 F.3d 789, 799-800 (6th Cir. 2006). This Court has established a fact-intensive, eleven-part inquiry to determine whether appellate counsel rendered ineffective assistance. *See Greer*, 264 F.3d at 679. If Henderson were to persuade the district court that his appellate counsel was ineffective for failing to raise the second, third, and fifth claims of error, Henderson's failure to raise them on direct appeal would be excused and the district court would consider the merits of those claims. Thus, in addition to the fact that Michigan courts did not clearly enforce the procedural rule in denying Henderson's claim, the fact that his appellate counsel was potentially ineffective for failing to raise the claims on direct appeal would require us to remand the claims to the district court to determine whether appellate counsel had indeed rendered ineffective assistance.

Since the district court did not apply *Maples* in denying Henderson's claims for procedural default, we REMAND the second, third, and fifth claims of error to the district court. We do not accept Appellee's proposed alternative basis for finding procedural default, Henderson's failure to raise the claims on direct appeal as required by Michigan's Rule 6.508(D)(3), because the state court's last reasoned decision did not clearly and expressly invoke that procedural rule in denying Henderson's claims.

Finally, even if we deemed Henderson's claims to be procedurally defaulted pursuant to Rule 6.508(D)(3), his ineffective assistance of appellate counsel claim would, if proved, excuse the procedural default. Since the district court did not consider the merits of Henderson's ineffective assistance of appellate counsel claim, remand would still be the appropriate remedy.

## IV.  CONCLUSION

For the foregoing reasons we REVERSE the district court's decision denying Petitioner's habeas corpus petition and we REMAND the first, second, third, and fifth claims of error to the district court for consideration.