RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0215p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

SEAN TAYLOR,

        *Petitioner-Appellant*,

    *v.*

KENNETH T. MCKEE, Warden,

        *Respondent-Appellee*.

No. 09-1433

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 06-13795—Patrick J. Duggan, District Judge.

Argued: May 31, 2011

Decided and Filed: August 12, 2011

Before: BATCHELDER, Chief Judge; ROGERS and SUTTON, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Jason G. Winchester, JONES DAY, Chicago, Illinois, for Appellant. Jerrold E. Schrotenboer, JACKSON COUNTY PROSECUTOR'S OFFICE, Jackson, Michigan, for Appellee. **ON BRIEF:** Jason G. Winchester, JONES DAY, Chicago, Illinois, for Appellant. Jerrold E. Schrotenboer, JACKSON COUNTY PROSECUTOR'S OFFICE, Jackson, Michigan, for Appellee.

_____

## OPINION

_____

ROGERS, Circuit Judge. This case turns on the cause and prejudice that can excuse a procedural default. Petitioner Sean Taylor appeals the district court's denial of his request for a writ of habeas corpus in regard to his incarceration in Michigan for a number of state crimes, including felony murder. Taylor claims that he was denied his right to a fair trial when he was forced to walk in front of jury members on the venire

1

panel while he was wearing prison shackles. However, because Taylor's counsel did not raise the shackling issue at trial, it is procedurally defaulted, and Taylor's claim of ineffective assistance of counsel does not constitute cause and prejudice to excuse this default.

I.

In January 2003, Sean Taylor was arrested and charged, along with his accomplice, Philip Thompson, in the shooting death and robbery of Trevor Chambers and the robbery and assault of Joel Cropper. At Taylor's trial, the state introduced evidence that proved that both victims were shot by Thompson while being robbed by both Taylor and Thompson. Cropper testified that he was standing near his friend Chambers, who was talking to his girlfriend on a pay phone, when Taylor and Thompson approached Cropper and Chambers, Thompson put a gun to Chambers' throat and ordered him to empty his pockets, and Taylor told Cropper to empty his pockets. Thompson then tried to take Chambers' boots from him, but when Chambers resisted Thompson shot him in the eye. Cropper began to run away and was shot in the back. Cropper survived the incident, but Chambers did not. A Jackson County, Michigan, jury convicted Taylor of felony murder in violation of Mich. Comp. Laws § 750.316, assault with intent to rob while armed in violation of Mich. Comp. Laws § 750.89, assault with intent to murder in violation of Mich Comp. Laws § 750.83, and assault with intent to rob while unarmed in violation of Mich. Comp. Laws § 750.88. He was subsequently sentenced to life imprisonment and concurrent terms of twenty-five-to-fifty years', twenty-nine-to-sixty years', and twelve-to-22.5 years' imprisonment.

Taylor appealed his convictions to the Michigan Court of Appeals, raising a number of claims, including that he was denied a fair trial under the Michigan and United States constitutions when he was forced to walk in front of the venire panel while he was wearing prison shackles, and that the imposition of separate sentences for felony murder and the underlying felony of assault with intent to rob while armed with respect to Chambers violated the Double Jeopardy Clause. The court of appeals rejected each of the claims, except Taylor's double-jeopardy argument, which the court agreed

required the vacatur of his assault-with-intent-to-rob-while-armed conviction. In response to Taylor's argument regarding his being in shackles in front of the venire panel, the only claim relevant to this appeal, the court of appeals noted that the claim must be "reviewed for plain error affecting substantial rights because the alleged error was not preserved by a contemporaneous objection and a request for a curative instruction." Because the court of appeals found that Taylor "presented no evidence that a juror who actually deliberated [his] case saw him in shackles," and that "the trial court repeatedly instructed the jury panel not to draw any negative inferences from the fact that defendant was in custody and on trial," it held that Taylor was not entitled to relief on this claim.

Taylor then appealed to the Michigan Supreme Court, raising the same claims he brought before the court of appeals. The supreme court denied Taylor's application for leave to appeal, stating that it was "not persuaded that the questions presented should be reviewed by [that] Court." *People v. Taylor*, 706 N.W.2d 730, 730 (Mich. 2005). One justice dissented on an issue unrelated to that before us. *Id.* at 730-31 (Kelly, J., dissenting).

This led to Taylor's filing of a pro se petition for a writ of habeas corpus with the district court below, asserting the same claims raised before the Michigan appellate courts. Shortly thereafter, Taylor filed a motion to hold his habeas petition in abeyance pending the exhaustion of the following claims that he planned to raise before the state appellate courts via collateral review: prosecutorial misconduct; ineffective assistance of trial counsel; and ineffective assistance of appellate counsel. The trial court granted this motion and gave Taylor sixty days to begin the process of exhausting his state court remedies. Taylor later moved to reopen his case, claiming that he was unable to pursue his additional claims in the state courts because of the prison's failure to maintain a constitutionally adequate law library and prison legal services program. Taylor asserts that he was unable to obtain the assistance he needed in order to file his state-court claims within the sixty days required by the district court's order. Thus, he was forced

to abandon his additional claims and return to the federal court. The district court granted Taylor's motion to reopen and the case proceeded on the petition as filed.

The district court entered an order in March 2009, denying Taylor's petition for a writ of habeas corpus. In regard to Taylor's claim in relation to the venire panel's seeing him in shackles, the district court stated as follows:

> Absent evidence that jury members actually saw Petitioner in shackles, Petitioner cannot demonstrate a constitutional violation. Furthermore, even if jurors had seen Petitioner in shackles, the Supreme Court has not held that a defendant's constitutional rights are automatically violated when jurors see shackles on the defendant. To the contrary, each case is evaluated on a case by case basis (i.e., whether the defendant is being transported with shackles or sitting in the courtroom shackled, etc.). The underlying facts in this case or, more aptly, the lack thereof relative to Petitioner's claim do not lend themselves to habeas relief.

Although the warden had argued in response to Taylor's petition that Taylor had procedurally defaulted his claim by not contemporaneously objecting to the shackling incident at trial, the district court did not address this argument. Taylor now appeals.

II.

Though it relied on the merits in issuing its decision, the district court correctly denied Taylor's petition for a writ of habeas corpus as his constitutional claim was procedurally defaulted. As we repeated in *Dixon v. Clem*, 492 F.3d 665, 673 (6th Cir. 2007), this court may affirm the decision of the district court if it is correct for any reason, even a reason different from that relied upon by the district court. Taylor's failure to object at trial to his being in shackles in front of the jury led the Michigan Court of Appeals to apply plain-error review to his shackling claim. This application of plain-error review prevented the state court from fully considering the merits of Taylor's shackling claim, and constitutes an independent and adequate state ground for a procedural default. Moreover, Taylor has not demonstrated any cause or prejudice to excuse this default.

The warden argued before the district court that Taylor's shackling claim was procedurally defaulted, but the district court chose to deny Taylor's petition on the merits and did not even address the warden's procedural-default argument. We have explained procedural default as follows:

> A federal habeas petitioner can procedurally default a claim by "failing to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim."

*Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (quoting *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000)). If a state has a procedural rule that prevented the state courts from hearing the merits of a habeas petitioner's claim, that claim is procedurally defaulted when "1) [the] petitioner failed to comply with the rule, 2) the state actually enforced the rule against the petitioner, and 3) the rule is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Id.* (quoting *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003)).

Taylor's claim in regard to his shackling was procedurally defaulted by his failure to make a contemporaneous-objection to his treatment at the trial-court level. Michigan has a contemporaneous objection rule that it enforced in this case, as Taylor made no objection before the trial court to his having to walk in front of the venire panel in shackles. *See, e.g.*, *People v. Soloman*, 560 N.W.2d 651, 653 (Mich. App. 1996). Pursuant to this contemporaneous-objection rule, a party's failure to object leads to the claim's being waived and reviewed solely for plain error. *See Lancaster v. Adams*, 324 F.3d 423, 437 (6th Cir. 2003). The Michigan Court of Appeals did just that in this case, relying on *People v. Watson*, 629 N.W.2d 411, 421 (Mich. App. 2001), and stating that "[Taylor's] claim is reviewed for plain error affecting substantial rights because the alleged error [in keeping him in shackles in front of the jury] was not preserved by a contemporaneous objection and a request for a curative instruction." This procedural rule kept the state court from fully reviewing the merits of Taylor's shackling claim, and constitutes an adequate and independent state ground for foreclosing federal review.

"Failure to comply with well-established and normally enforced procedural rules usually constitutes 'adequate and independent' state grounds." *Lundgren*, 440 F.3d at 763. Michigan's contemporaneous-objection rule is both a well-established and normally enforced procedural rule. Thus, each of the above elements has been satisfied, and Taylor's claim was procedurally defaulted.

Taylor has failed to demonstrate cause or prejudice to excuse his procedural default. Procedural default can be avoided if a habeas petitioner can show "that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Id.* Taylor has not argued that any elements of a procedural default are not fulfilled in regard to his shackling claim, but instead claims that he received ineffective assistance from his trial counsel, which establishes cause and prejudice to excuse his default. Even assuming for the sake of argument that Taylor could prove that his counsel's performance in failing to object to Taylor's being walked past the venire panel in shackles was both deficient and prejudicial,[1] Taylor's ineffective assistance of counsel claim was itself procedurally defaulted and thus cannot be used to demonstrate cause and prejudice. The Supreme Court has "clearly expressed the view that a habeas petitioner must satisfy the 'cause and prejudice' standard before his procedurally defaulted ineffective-assistance claim will excuse the default of another claim." *Edwards v. Carpenter*, 529 U.S. 446, 452 n.3 (2000) (citing *Stewart v. LaGrand*, 526 U.S. 115, 120 (1999)). In addition, the Court has explained that even though ineffective assistance of counsel can be cause for a procedural default,

> the exhaustion doctrine, which is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings," generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.

---

[1] It also appears that any claim of ineffective assistance of counsel would likely fail on the merits as it is not clear that Taylor was prejudiced by his being shackled in front of the jury. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring proof of prejudice to make out a claim of ineffective assistance of counsel). The weight of the evidence against Taylor was strong, making it highly likely that he would have been convicted even if the jury had not seen him in shackles.

*Murray v. Carrier*, 477 U.S. 478, 488-89 (1986) (internal citation omitted).

Taylor did not exhaust his ineffective-assistance-of-counsel claim in the state courts, and he has not demonstrated a sufficient basis to excuse this failure. Taylor raised his ineffective-assistance-of-counsel claim for the first time after he had already filed suit in federal court, by seeking an order to hold his petition in abeyance. After Taylor was granted this order, he filed a motion for relief from judgment with the state trial court, asserting ineffective assistance of trial and appellate counsel, and prosecutorial misconduct. The state court denied this motion, and, rather than appealing that decision to the Michigan Court of Appeals, Taylor returned to the district court and sought to lift the order holding his petition in abeyance. Accordingly, Taylor failed to give the state courts an adequate opportunity to analyze these additional claims.

Taylor argues that the procedural default of his ineffective-assistance-of-trial-counsel claim can also be excused by cause and prejudice, but this is not the case. In asserting cause and prejudice for this procedural default, Taylor claims that he received ineffective assistance of his appellate counsel on direct review because that counsel failed to argue the ineffectiveness of trial counsel. Taylor also claims that he received ineffective assistance of his appellate counsel on collateral review and that the law library at Taylor's prison was constitutionally deficient. None of these arguments is persuasive.

Taylor's brief does not clearly articulate the basis of his argument for ineffective assistance of appellate counsel on *direct review*. In fact, his appellate briefs appear to rely only on the ineffective assistance of appellate counsel on *collateral review* in failing to exhaust his ineffective-assistance-of-trial-counsel claim. It is well-settled that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) (citation and internal quotation marks omitted).

It is likely that Taylor would base his claim of ineffective assistance of appellate counsel on direct review on that counsel's ineffectiveness in failing to raise an ineffective-assistance-of-trial-counsel claim. Such an ineffective-assistance-of-

appellate-counsel claim was also defaulted as it was not exhausted before the state courts on collateral review. Taylor attempts to argue that this third level of default should also be excused because of the cause and prejudice from his constitutionally ineffective appellate counsel on collateral review and from his prison's constitutionally deficient law library. For the very reasons discussed below that these arguments do not excuse the default of his claim of ineffective assistance of trial counsel, they do not excuse the default of his claim of ineffective assistance of appellate counsel on direct review.

"There is no constitutional right to an attorney in state post-conviction proceedings," *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), which means that Taylor did not have a right to appellate counsel on collateral review. Even if the Supreme Court determines that such a right exists in a state post-conviction proceeding that is the first opportunity to present an ineffective-assistance-of-counsel claim, *see Martinez v. Ryan*, No. 10-1001, 2011 WL 380903 (June 6, 2011) (grant of certiorari), that right would not apply here, since defendants in Michigan may bring ineffective-assistance claims on direct appeal, *see, e.g.*, *People v. Taylor*, 737 N.W.2d 790, 796 (Mich. App. 2007). Thus the ineffectiveness of appellate counsel at this point in the proceedings does not present a constitutional violation sufficient to establish cause and prejudice for a procedural default. As we explained in *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005), "any errors of a post-conviction attorney, acting as the agent for his client, are attributable solely to that client."

Further, Taylor has failed to allege any facts sufficient to make out an access-to-courts violation in regard to his prison's law library. He argues solely that he was unable to access any person trained in the law, and that this lack of access prohibited him from appealing the state court's denial of his motion for relief. However, prisoners are not necessarily entitled to "legal writers," but instead must only be given "meaningful access to the courts," which could be provided through such means as adequate assistance from persons trained in the law *or* access to adequate libraries. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977). Other than the lack of a "legal writer," Taylor makes no claim as to the adequacy of his prison's law library, and has not demonstrated how his prison facility

denied him meaningful access to the courts.  Thus, there is no excuse for Taylor's procedural default of his ineffective-assistance claims, which also means there is no excuse for Taylor's procedural default of his shackling claim.

### III.

For these reasons, we affirm the district court's denial of Taylor's request for a writ of habeas corpus.