NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1070n.06

No. 10-1542

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SUSIE CONNER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| MILLICENT WARREN, Warden, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE:  KEITH, MARTIN, and ROGERS, Circuit Judges.

PER CURIAM.  Susie Conner appeals a district court judgment denying her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

A jury found Conner guilty of first-degree premeditated murder, felony murder, and kidnapping.  The trial court merged the murder convictions, vacated the kidnapping conviction, and sentenced Conner to life in prison without parole.  The Michigan Court of Appeals affirmed the trial court's judgment, *People v. Conner*, No. 253179, 2005 WL 562806 (Mich. Ct. App. Mar. 10, 2005), and the Michigan Supreme Court denied Conner leave to appeal.  *People v. Conner*, 706 N.W.2d 18 (Mich. 2005) (table).

Conner filed a section 2254 petition with the district court arguing:  1) that the trial court violated her confrontation rights by admitting into evidence the hearsay statements of her former husband, a non-testifying co-defendant; 2) that the trial court violated her rights by allowing an

expert witness to testify concerning the element of premeditation; and 3) that the trial court violated her rights by allowing the prosecutor to introduce into evidence the results of forensic testing conducted after the trial commenced. The district court denied the petition, but granted a certificate of appealability for Conner's claim that her confrontation rights were violated. We expanded the certificate of appealability to include Conner's remaining claims.

The district court's judgment is reviewed de novo. *Tolliver v. Sheets*, 594 F.3d 900, 915 (6th Cir. 2010).

Conner argues that the trial court violated her confrontation rights by allowing her son, Bruce, to testify concerning statements made to him by Conner's former husband, Tim, a non-testifying co-defendant, that implicated Conner in the crimes. Tim made the statements to Bruce shortly after the victim was killed and later when, unbeknownst to Tim, Bruce was wearing a recording device at the request of police.

The Confrontation Clause prohibits the admission of testimonial statements of a witness who did not testify at trial unless he was unavailable to testify and the defendant had a prior opportunity for cross-examination. *Davis v. Washington*, 547 U.S. 813, 821 (2006). The Confrontation Clause does not apply, however, to non-testimonial statements. *Whorton v. Bockting*, 549 U.S. 406, 420 (2007). Because the statements at issue were made by Tim to Bruce, and Tim was unaware that Bruce was acting in concert with law enforcement, Tim's statements were not testimonial, and their admission did not violate the Confrontation Clause. *See United States v. Boyd*, 640 F.3d 657, 665 (6th Cir.), *cert. denied*, 132 S. Ct. 271 (2011); *United States v. Johnson*, 581 F.3d 320, 325 (6th Cir. 2009).

Conner also argues that the trial court violated her rights by permitting a forensic pathologist, who conducted an autopsy on the victim, to testify concerning the element of premeditation. Specifically, in response to questions from the prosecutor, the pathologist testified that, if the victim was intentionally drowned, the perpetrator would have had time to think about his or her decision, to weigh the pros and cons of the decision, and to reflect on and rethink the decision. This claim is procedurally defaulted because Conner did not object to the testimony at trial, and the Michigan Court of Appeals reviewed the claim for plain error. *See Taylor v. McKee*, 649 F.3d 446, 450–51 (6th Cir. 2011); *Conner*, 2005 WL 562806, at *2–3. Further, Conner has not demonstrated cause and prejudice, or a miscarriage of justice, to excuse the procedural default. *See Taylor*, 649 F.3d at 451.

Finally, Conner argues that the trial court violated her rights by admitting into evidence the results of laboratory testing, conducted after the trial commenced, that concluded there was adhesive residue on the victim's jacket. "A state court's evidentiary ruling is generally not cognizable in federal habeas corpus, unless the decision was so fundamentally unfair that it amounts to a due process violation." *Henness v. Bagley*, 644 F.3d 308, 326 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1970 (2012). The trial court's admission of the lab test results did not render Conner's trial fundamentally unfair. Conner had the opportunity to conduct independent testing on the jacket at the state's expense and the test results were cumulative.

The district court's judgment is affirmed.