**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0492n.06

**No. 19-2426**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| RICHARD ANTHONY STRONG, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| NOAH NAGY, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | **OPINION** |
| | ) | |
| | ) | |
| | ) | |

FILED
Aug 20, 2020
DEBORAH S. HUNT, Clerk

Before: MOORE, CLAY, and MURPHY, Circuit Judges.

**CLAY, Circuit Judge.** Petitioner Richard Strong appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising five claims of ineffective assistance of trial counsel. Because each of Strong's claims is procedurally defaulted and he has not shown cause and prejudice to excuse the default, we affirm.

**BACKGROUND**

Strong was convicted in 2012 of first degree murder in violation of Mich. Comp. Laws § 750.316, being a felon in possession of a firearm in violation of Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony in violation of Mich. Comp. Laws § 750.227b. The Michigan Court of Appeals summarized the facts adduced at trial as follows:

> This conviction arises out of the shooting and death of Ygnacio Bermudez Jr. (the victim) outside of the Loft nightclub (the bar) in Lansing, Michigan. The crucial issue at trial was the correct identity of the shooter. An altercation occurred between

the victim and defendant at a bar. When the victim later left the bar, he was shot multiple times outside the bar by a man, identified by witnesses as defendant, and died at the scene. The prosecution presented testimony of multiple witnesses who identified defendant as the shooter. Evidence was also introduced concerning the defendant's access to a handgun and cartridges of the type used in the shooting. Other testimony was presented concerning defendant and [his wife's] flight to North Carolina, and defendant's attempt to hide himself by posing as [his wife's] ex-husband. Defendant was apprehended while living with [his wife] in North Carolina.

*People v. Strong*, No. 315080, 2016 WL 1445228, at *1 (Mich. Ct. App. Apr. 12, 2016) (per curiam).[1]

On direct appeal, Strong asserted six claims of ineffective assistance of trial counsel, but he did not raise any of the ineffective assistance claims that now form the basis of his habeas petition. *See id.* at *1–3. After remanding to allow the state trial court to hold an evidentiary hearing on Strong's ineffective assistance of trial counsel claims, the Michigan Court of Appeals affirmed his convictions. *Id.* at *5. The Michigan Supreme Court denied leave to appeal. *People v. Strong*, 887 N.W.2d 404 (Mich. 2016) (table).

Strong then filed a motion for relief from judgment in the state trial court under Mich. Ct. R. 6.500 *et seq.*, raising five new ineffective assistance of trial counsel claims: (1) trial counsel was ineffective for calling private investigator Bruce Erlandson, who testified at trial that he stopped looking for a person named Ashley Parker (with whom Strong claimed he was having breakfast at the time of the shooting) because Strong asked him to; (2) trial counsel was ineffective for cross-examining witness Sarah Sandlin about Strong's alleged prior possession of a firearm; (3) trial counsel was ineffective for failing to object to hearsay testimony that Strong's wife's gun

---

[1] We presume that this recitation of the facts is correct because Strong has not rebutted it through clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

was reported missing on the day of the murder; (4) trial counsel was ineffective for not challenging the prosecution's theory regarding the location of the getaway car; and (5) trial counsel was ineffective for failing to call an expert witness to testify about the potential unreliability of eyewitness identifications. The Michigan trial court denied Strong's motion under Michigan's cause and prejudice rule, Mich. Ct. R. 6.508(D)(3). The court held that Strong had not shown good cause for his failure to raise the new ineffective assistance of trial counsel claims on direct appeal. It further held that "even if [Strong] was able to satisfy the good cause requirement, he has failed to show actual prejudice" under Michigan Ct. R. 6.508(D)(3)(b)(i) and (b)(iii). (R. 8-20, Pg. ID 1177.) The Michigan Court of Appeals and the Michigan Supreme Court denied Strong's applications for leave to appeal, citing Mich. Ct. R. 6.508(D). (R. 8-23, Pg. ID 1681.) *People v. Strong*, 925 N.W.2d 852 (Mich. 2019) (table).

Strong then timely filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the district court, raising the same five ineffective assistance of trial counsel claims.[2] The Warden argued in response that each of Strong's claims was procedurally defaulted, and that, in any event, the state court reasonably rejected the claims on their merits. The district court did not analyze the Warden's procedural default defense, but instead elected to deny Strong's petition on its merits. *Strong v. Nagy*, No. 2:19-CV-11448, 2019 WL 6359147, at *2 n.2 (E.D. Mich. Nov. 27, 2019). It held that Strong had failed to show that the state court's decision was contrary to or an unreasonable application of clearly established federal law as articulated by the Supreme Court or

---

[2] Strong raised two other ineffective assistance of trial counsel claims in his petition: (1) trial counsel was ineffective for failing to object to the prosecutor's statement in opening argument that a witness would testify that Strong had "evil eyes," and (2) trial counsel was ineffective for failing to object to the introduction of a demonstrative firearm. Strong does not appeal the district court's denial of habeas relief on those claims.

an unreasonable determination of the facts, and therefore his claims failed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d)(1)–(2). *Strong*, 2019 WL 6359147, at *8. Nevertheless, the court issued a certificate of appealability on each of Strong's claims. *Id.* (citing 28 U.S.C. § 2253(c)).

Strong now appeals the district court's denial of his habeas petition.

## DISCUSSION

### A. Strong's claims are procedurally defaulted.

Although the district court elected to skip to the merits of Strong's claims, we resolve his appeal on the basis of procedural default. *See Sheffield v. Burt*, 731 F. App'x 438, 441 (6th Cir. 2018) ("[W]here a straightforward analysis of settled state procedural default law is possible, federal courts cannot justify bypassing the procedural default issue."). The doctrine of procedural default provides that "[f]ederal habeas review is generally precluded where a state court decides not to address a petitioner's federal claims because he has failed to meet a state procedural requirement 'that is independent of the federal question and adequate to support the judgment.'" *Awkal v. Mitchell*, 613 F.3d 629, 648 (6th Cir. 2010) (en banc) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). The doctrine is based on concerns of comity and federalism. *Coleman*, 501 U.S. at 730. Procedural default can be excused only if a petitioner demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750; *accord, e.g.*, *Richardson v. Palmer*, 941 F.3d 838, 847 (6th Cir. 2019).

Strong's claims are procedurally defaulted only if (1) Strong failed to comply with a state procedural rule; (2) the state court actually enforced that rule against Strong, and (3) the rule is an

"'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Taylor v. McKee*, 649 F.3d 446, 450 (6th Cir. 2011) (quoting *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006)). Each of those elements is satisfied here.

To begin, Strong failed to comply with Mich. Ct. R. 6.508(D)(3), and the Michigan trial court actually enforced that rule against Strong. "Rule 6.508(D)(3) is the state procedural default rule requiring petitioners to show cause and prejudice before raising a claim that could have been raised on direct appeal." *Peoples v. Lafler*, 734 F.3d 503, 511 (6th Cir. 2013). In *Guilmette v. Howes*, this Court, sitting en banc, recognized that Michigan Rule 6.508(D) "has both a procedural and a substantive component." 624 F.3d 286, 291 (6th Cir. 2010) (en banc); *accord Stermer v. Warren*, 959 F.3d 704, 723–24 (6th Cir. 2020). Thus, we held that when the Michigan Supreme Court issues a form order simply citing to Rule 6.508(D), as here, such orders "are ambiguous as to whether they refer to procedural default or to denial of relief on the merits because the provision encompasses both options." *Lafler*, 734 F.3d at 511 (citing *Guilmette*, 624 F.3d at 289–92). "In such cases, then, we must look to the last reasoned state court opinion to determine the basis for rejection" and whether the state court actually enforced Rule 6.508(D)(3) as a procedural bar to the petitioner's claims. *Id.* (citing *Guilmette*, 624 F.3d at 289–92) (emphasis omitted).

The last reasoned state court opinion is the Michigan trial court's decision denying Strong's motion for relief from judgment. In that decision, the Michigan trial court unambiguously enforced Michigan Rule 6.508(D)(3) against Strong. It began by analyzing whether Strong had demonstrated good cause for his failure to raise the claims on direct appeal, and concluded that he had not. It found that Strong's claims of ineffective assistance of trial counsel were meritless, and therefore that appellate counsel was not ineffective for failing to raise them on direct appeal. It

then held that even if Strong could show cause, he had failed to show actual prejudice under Michigan Rule 6.508(D)(3)(b)(i) and (b)(iii). Because the state court denied Strong's motion for failure to show cause and prejudice under Michigan Rule 6.508(D)(3), the first and second elements of procedural default are satisfied. The final element of procedural default is also satisfied because Michigan Rule 6.508(D)(3) is an adequate and independent state ground foreclosing federal habeas review. *See, e.g.*, *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005) ("It is well-established in this circuit that the procedural bar set forth in Rule 6.508(D) constitutes an adequate and independent ground on which the Michigan Supreme Court may rely in foreclosing review of federal claims.").

## B. The procedural default is not excused.

Because each of Strong's claims of ineffective assistance of trial counsel is procedurally defaulted, we may not consider them unless Strong shows cause and prejudice to excuse the default or that the failure to review them would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. However, Strong has forfeited any argument that his default is excused by failing to raise it on appeal.

In his appellate briefs, Strong does not address the procedural default issue at all. And even though the Warden clearly argued that Strong's claims are barred by the doctrine of procedural default in the respondent brief, Strong did not respond to that argument in his reply brief. While Strong does assert in a footnote in his reply brief (although not expressly with regard to the question of cause and prejudice) that his appellate counsel was ineffective for failing to raise these claims on appeal, this is not sufficient to preserve the claim for our review. *See Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018) ("Time, time, and time again, we have

6

reminded litigants that we will treat an 'argument' as 'forfeited when it was not raised in the opening brief.'" (citation omitted)). Moreover, Strong has failed to show, let alone argue, that he is actually innocent of the crime or that the interests of justice require this Court to excuse his default. *See Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) ("The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Therefore, Strong has forfeited the issues of cause and prejudice or actual innocence. *See, e.g.*, *Rogers v. Skipper*, No. 19-1426, 2020 WL 4219683, at *3 (6th Cir. July 23, 2020) ("Because [the petitioner] has not raised any claim or issue to excuse the default, he has forfeited the question of cause and prejudice."). But even if we were to reach those questions, we agree with the district court and state court that Strong's appellate counsel was not ineffective for failing to raise the ineffective assistance of trial counsel claims on direct appeal, given that they are meritless. In other words, ineffective assistance of appellate counsel does not constitute cause.

## CONCLUSION

Because Strong's ineffective assistance of trial counsel claims are procedurally defaulted and he has not demonstrated that the default should be excused, we **AFFIRM** the district court's denial of habeas relief.