RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0382p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

DARIUS THERIOT,

>  *Petitioner-Appellant*,

   v.

BOB VASHAW, Warden,

>  *Respondent-Appellee*.

No. 20-1029

───────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
No. 4:15-cv-13679—Linda V. Parker, District Judge.

Argued:  October 21, 2020

Decided and Filed:  December 16, 2020

Before:  BATCHELDER, GRIFFIN, and MURPHY, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:**  Christopher J. McGrath, FEDERAL COMMUNITY DEFENDER'S OFFICE, Flint, Michigan, for Appellant.  Scott R. Shimkus, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.  **ON BRIEF:**  Christopher J. McGrath, FEDERAL COMMUNITY DEFENDER'S OFFICE, Flint, Michigan, for Appellant.  Scott R. Shimkus, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

———————————

**OPINION**

———————————

GRIFFIN, Circuit Judge.

Petitioner Darius Theriot appeals the district court's judgment that denied his petition for a writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2254. He brings two right-to-present-a-defense claims and one right-to-confrontation claim. Unlike the district court, we do not reach the merits of his claims. Instead, we hold that Theriot procedurally defaulted his claims and that he has not persuaded us that we should excuse his default. Accordingly, we affirm the district court's judgment.

I.

"The facts as recited by the Michigan Court of Appeals are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1)." *Shimel v. Warren*, 838 F.3d 685, 688 (6th Cir. 2016). The pertinent facts are the following:

> This case arises from a drive by shooting. Defendant Theriot drove the vehicle from which defendant Matthews shot an AK-47, killing a pregnant woman and injuring three others.
>
> * * *
>
> . . . Defendant Theriot admitted to getting the gun, which he illegally owned, of his own free will. One witness testified that defendant Theriot made the decisions on where to go that night, and he intentionally drove his truck to the house and slowed down when he drove by it. Defendant Theriot was quoted as saying, "don't worry about it, we'll get them later, we'll take care of it in our own time," after four men associated with the victims had confronted defendant Theriot and his friends. After the shooting, defendant Theriot wiped the gun clean of prints, and he was the last person seen with the gun. He also urged witnesses not to snitch and to lie for him.

*People v. Matthews*, No. 308369, 2013 WL 6703494, at *1, *4 (Mich. Ct. App. Dec. 19, 2013) (per curium) (unpublished).

In a Michigan state court trial, a jury convicted petitioner Theriot "of one count of second-degree murder, MCL 750.317, three counts of assault with intent to commit murder, MCL 750.83, one count of assault of a pregnant individual causing death to fetus, MCL 750.90b(a), and one count of felony-firearm, MCL 750.227b." *Matthews*, 2013 WL 6703494, at *1. Theriot appealed to the Michigan Court of Appeals. *Id.* That court affirmed his convictions. *Id.* at *7. The Michigan Supreme Court denied Theriot's application for leave to appeal the state intermediate court's judgment. *People v. Theriot*, 849 N.W.2d 373, 373 (Mich. 2014) (mem.).

Thereafter, Theriot filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, which he later amended. He argued that the state trial court violated his constitutional rights when it (1) prohibited him from questioning witnesses about his demeanor after the shooting (allegedly violating his right to present a defense and his right to confrontation), and (2) prohibited him from admitting jailhouse telephone call recording excerpts into evidence (allegedly violating his right to present a defense). The state opposed the habeas petition.

The district court denied Theriot's amended habeas petition[1] but granted a certificate of appealability regarding his claims that the state trial court violated his federal constitutional rights when it (1) prohibited him from questioning witnesses about his demeanor after the shooting and (2) excluded jailhouse telephone call recording excerpts. *Theriot v. MacLaren*, No. CV 15-13679, 2019 WL 7020689, at *13–14 (E.D. Mich. Dec. 20, 2019). Petitioner timely appealed the district court's judgment.

II.

When "considering a district court's denial of a petition for a writ of habeas corpus under 28 U.S.C. § 2254," such as the case at bar, "we review all legal conclusions de novo." *Crump v. Lafler*, 657 F.3d 393, 396 (6th Cir. 2011).

---

[1]There are actually two amended habeas petitions. Petitioner's appointed attorney filed the first one, and petitioner himself filed the second one about a month later. The district court acknowledged the existence of the two amended petitions, but it did not determine which one was the operative petition. *MacLaren*, 2019 WL 7020689, at *3 n.2. Instead, the district court denied both petitions. *Id.* at *14. The parties did not brief the question of which amended petition controls. The differences between the two amended petitions, however, do not affect our resolution of this appeal.

III.

A.

"[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)), *cert. denied sub nom. Maslonka v. Nagy*, 139 S. Ct. 2664 (2019). When we conduct the procedural default analysis, we examine the last reasoned state-court decision. *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013). A habeas petitioner procedurally defaults a claim when "(1) [he] fails to comply with a state procedural rule; (2) the state courts enforce the rule; [and] (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim." *Wheeler v. Simpson*, 852 F.3d 509, 514 (6th Cir. 2017) (quoting *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (en banc)). We have the option, however, to excuse a procedural default and review a defaulted claim on the merits if a petitioner demonstrates "(1) cause for the default and actual prejudice, or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice." *Williams v. Bagley*, 380 F.3d 932, 966 (6th Cir. 2004).

B.

Petitioner procedurally defaulted his right-to-present-a-defense claims. First, he did not comply with Michigan's procedural rules concerning issue preservation.[2] In Michigan, "[t]o preserve an issue for appellate review, a party must object below and specify the *same* ground for objection that it argues on appeal." *People v. Bosca*, 871 N.W.2d 307, 338 (Mich. Ct. App. 2015) (emphasis added); *cf. People v. Cain*, 869 N.W.2d 829, 832 (Mich. 2015) ("[I]ssues that are not properly raised before a trial court cannot be raised on appeal absent compelling or extraordinary circumstances." (citation omitted)). In other words, "an objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground." *People v. Bulmer*, 662 N.W.2d 117, 118 (Mich. Ct. App. 2003) (per curiam). At trial, petitioner objected based on Michigan's evidentiary rules. *Matthews*, 2013 WL 6703494, at *2, *4. But

---

[2]Petitioner even concedes that the non-compliance "prong of the [procedural default] test is easily satisfied."

because Theriot did not also make a contemporaneous objection predicated on violations of his constitutional right to present a defense, he failed to comply with Michigan's procedural rules regarding issue preservation. Second, the state intermediate court enforced its procedural rule. We know that because a state appellate court's review for plain error is enforcement of a procedural rule, *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001) ("[W]e view a state appellate court's review for plain error as the enforcement of a procedural default."), and here, the Michigan Court of Appeals reviewed petitioner's right-to-present-a-defense claims for plain error because he did not preserve them, *Matthews*, 2013 WL 6703494, at *2, *4. Third, Michigan's contemporaneous-objection rule "constitutes an adequate and independent state ground for foreclosing federal review." *Taylor v. McKee*, 649 F.3d 446, 451 (6th Cir. 2011). Because all the requirements are met regarding petitioner's right-to-present-a-defense claims, we conclude that he procedurally defaulted them.

When a petitioner procedurally defaults a claim, he may nevertheless obtain review of the claim if he demonstrates "cause for the default and actual prejudice."[3] *Williams*, 380 F.3d at 966. "A showing of cause requires more than the mere proffer of an excuse." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). Instead, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 763–64 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Regarding his right-to-present-a-defense claim that concerns the jail house telephone call recording excerpts, petitioner offers no argument about cause or actual prejudice; therefore, he forfeits this issue. *See Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 621 (6th Cir. 2013) ("Issues adverted to in a perfunctory manner, without some effort to develop an argument, are deemed forfeited."). Accordingly, we will not excuse Theriot's procedural default of this claim.

Regarding his other right-to-present-a-defense claim (the one that concerns the demeanor evidence), petitioner argues that the "external objective factor in this case was the [state] trial

---

[3]A petitioner can also have us excuse a procedural default if he demonstrates "that the failure to consider the claim will result in a fundamental miscarriage of justice." *Williams*, 380 F.3d at 966. Theriot, however, does not advance this theory for excusing a procedural default.

court's refusal to permit counsel to finish making a complete record with regard to his objection to the exclusion of testimony about Mr. Theriot's demeanor following the shooting." Petitioner's theory seems to be that if the state trial court had not "short-circuited" the discussion about the demeanor evidence, his attorney would have made an objection based on petitioner's federal constitutional right to present a defense. But petitioner's trial attorney went back and forth with the trial court for nearly ten transcript pages without making an objection in constitutional terms. Towards the end of this discussion, Theriot's trial attorney had opportunities to object based on the constitutional right to present a complete defense but did not do so. Moreover, the argument that trial counsel would have eventually made the constitutional objection is speculative, and Theriot offers nothing to bring it out of the realm of sheer possibility. Accordingly, we conclude that Theriot has fallen short of demonstrating cause to excuse his procedural default.

As for actual prejudice, petitioner merely states that "[p]rejudice can take many forms, some more obvious than others," and "[t]he prejudicial effect of the trial court's decision to abruptly put an end to counsel's objection regarding the exclusion of evidence of [petitioner's] demeanor is plain and palpable." That argument is perfunctory, and as such, it fails. *See Johns v. Holder*, 678 F.3d 404, 408–09 (6th Cir. 2012).

To have us excuse the procedural default of his right-to-present-a-defense claims, petitioner had to show cause and actual prejudice. *Williams*, 380 F.3d at 966. He did not establish either element. Accordingly, we will not excuse these procedural defaults.

## C.

Petitioner also procedurally defaulted his Confrontation Clause claim. First, he did not comply with Michigan's procedural rule that requires litigants to support their claims with sufficient argumentation. As the state intermediate court noted, Theriot "ma[de] no argument on how he was denied [his] right" to confront witnesses against him. *Matthews*, 2013 WL 6703494, at *4 n.3. And on appeal, he does not dispute his non-compliance.[4] Petitioner, therefore, did not

---

[4]Petitioner instead contends that the warden forfeited his opportunity to benefit from petitioner's purported non-compliance because the warden—in his answer to the habeas petition—did not argue that petitioner's supposed

follow this state procedural rule. Second, the state intermediate court actually enforced its procedural rule. Once the Michigan Court of Appeals concluded that Theriot had not offered an argument regarding his Confrontation Clause claim, it determined that his failure rendered the claim abandoned. *Id.* at *2 n.1 ("Theriot fails to specifically address how the trial court erred [regarding his right-to-confrontation claim]. Thus, to the extent that defendant Theriot argues that the trial court erred by prohibiting him from cross-examining the witness about defendant Theriot's anger, this issue is abandoned."). Third, Michigan's abandonment rule is an adequate and independent state-law basis for prohibiting federal review of a claim. *See Harris*, 680 N.W.2d at 21 ("An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue."); *see also Marchbanks v. Jones*, No. 1:06-CV-269, 2009 WL 1874191, at *2 (W.D. Mich. June 26, 2009) ("[A] review of Michigan cases shows that the principal of abandonment is regularly applied and is a ground independent of the merits."); *Smith v. Wolfenbarger*, No. 2:11-CV-10031, 2012 WL 1957286, at *9 (E.D. Mich. May 31, 2012) (collecting cases). Since all the elements are met regarding petitioner's right-to-confrontation claim, we conclude that he procedurally defaulted it.

Because Theriot has procedurally defaulted his right-to-confrontation claim, he must demonstrate that we should excuse the default if he wants us to review the claim. *Williams*, 380 F.3d at 966. Despite having that burden, petitioner is inexplicably silent on why we should excuse his default. Silence is not enough. *Burley*, 834 F.3d at 618. Accordingly, we will not excuse Theriot's procedural default of his right-to-confrontation claim.

IV.

For these reasons, we affirm the district court's judgment.

---

non-compliance rendered the Confrontation Clause claim procedurally defaulted. Theriot's argument, however, is unpersuasive because in his answer, the warden argued that Theriot had procedurally defaulted all his habeas claims.